UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Rawle Daisley, *on behalf of himself and all others similarly situated*,

Plaintiff,

v.

West Creek Financial, Inc.

Defendant.

**INDEX:  18-CV-3555**
**HON. BRIAN M. COGAN**

---

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Daniel A. Schlanger
Schlanger Law Group LLP
9 East 40th Street, Suite 1300
New York, NY 10016
Tel: (212) 500-6114
Fax: (646) 612-7996
dschlanger@consumerprotection.net

*ATTORNEY FOR PLAINTIFF*

Dated:  October 24, 2018

## INTRODUCTION

Plaintiff, Rawle Daisley ("Daisley"), respectfully submits this memorandum of law in support of the unopposed motion for an Order (1) preliminarily approving the parties' contemporaneously filed Settlement Agreement and Release of Claims ("Settlement Agreement") as fair, reasonable, adequate, and in the best interests of the Settlement Class; (2) certifying a settlement class (as defined in the Settlement Agreement); (3) approving the parties' Notice and the Notice Plan, as set forth in the Settlement Agreement (4) setting a date by which Notice must be sent; (5) appointing Rawle Daisley as Class Plaintiff; (6) appointing attorney Daniel A. Schlanger, Esq. (of Schlanger Law Group LLP) as Class Counsel; (7) scheduling a final approval hearing under Federal Rule of Civil Procedure 23(c)(2) (the "Final Fairness Hearing") after the Notice period has expired so that the Court can consider any objections to the settlement and opt outs and grant final approval; and (8) approving the parties' agreement with regard to payment of Class Counsel's attorneys' fees and costs.

## I.    NATURE OF THE CASE

### A.    Facts Underlying this Class Action

Plaintiff alleges in his Complaint that Defendant West Creek Financial, Inc. ("West Creek") violated New York Personal Property Law §§ 500, *et seq*., and the New York General Business Law § 349, with respect to the content of his Lease Agreement with WCF.  The Complaint also sets forth a claim for rescission of the Lease Agreement.  Plaintiff brought the action as a class action on behalf of herself and similarly situated individuals.

Plaintiff seeks to represent himself and the members of the following Settlement Class and Subclasses:

Settlement Class:

All consumers who transacted for merchandise in a transaction in which WCF is identified to be the Lessor/Owner pursuant to a Lease Agreement With Ownership Option or Rental-Purchase Agreement and in which the purchase occurred at a vendor's New York location prior to July 25, 2018.

Subclasses:

1.    **The Warranty Subclass**, which shall be defined as follows:

All Settlement Class Members but for those involving purchases occurring from 7/19/2017 through 8/30/2017 or from 7/6/2018 through 7/24/2018.  In addition, the Warranty Subclass excludes the class member who made his/her purchase on 7/5/2017 and with account number ending 297-1 and the class member who made his/her purchase on 7/18/17 with account number ending 726-1.

2.    **The Early Payment Option Subclass**, which shall be defined as follows:

All Settlement Class Members

(a) whose transaction occurred between 12/8/2016 through 7/18/2017 (as well as the class member whose transaction occurred on 9/18/2017 with account number ending 584-1); and

(b) who -- in addition -- paid WCF more over the life of the lease (as of 9/26/18) than the maximum early purchase amount permissible on day 91 of the contract term, pursuant to New York's Personal Property Law § 504 under the formula and method of calculation Plaintiff alleges to be applicable, which is set forth in the Complaint at paragraphs 70-76.

Settlement Agreement ¶12.

Pursuant to the procedures set forth in Paragraphs 14(a) through 14(d) of the Settlement Agreement, West Creek provided Plaintiff with a class list containing the information necessary to assess membership in the class and subclass, but excluding class members' names, addresses and some other identifying information.   WCF will provide a full version of this class list containing the missing information, along with a supporting affidavit regarding the methodology used to compile the list upon preliminary approval.

The Parties have agreed that 2,976 consumers disclosed in the class list are Class Members (inclusive of the Class Representative).

      B.  Terms of the Proposed Settlement

The parties are in agreement that all consumers on the current class list are class members and subclass member, respectively.

Within 60 days following entry of an order preliminarily approving settlement and certifying the class, the Settlement provides that A.B. Data, Ltd. (the "Settlement Administrator") shall mail a Notice (attached as Exhibit B to the Settlement Agreement) to all Class Members.  The Settlement Administrator will also maintain a website containing settlement documents and other relevant information for review by Class Members.  A Class Member who wishes to be excluded from the Settlement Class may make such a request by mailing the Settlement Administrator his/her full name and address and specifically stating a desire to be excluded.

Subject to this Court's approval, the monetary terms of the Settlement are as follows:

    a.  Members of the Settlement Class shall each receive a pro rata share of $338,000.

    b.  Members of the Warranty Subclass shall, in addition to amounts paid pursuant to paragraph 15(ii)(a) above, each receive a share of $170,295 calculated in proportion to the purchase price of the goods leased by WCF in that Warranty Subclass member's transaction. Class Counsel shall provide WCF with the amount to be paid to each such subclass member pursuant to this paragraph 15(a)(ii)(b).

    c.  Members of the Early Payment Option Subclass shall, in addition to amounts paid pursuant to paragraph 15(ii)(a) and (b) above, each receive a share of $91,680.42 calculated in proportion to the amount of each Early Payment Option Subclass member's payment above the maximum early purchase amount permissible on day 91 of the contract term, pursuant to New York's Personal Property Law § 504 under the formula and method of calculation Plaintiff alleges to be applicable, which is set forth in the Complaint at paragraphs 70-76.

> Class Counsel shall provide WCF with the amount to be paid to each such subclass member pursuant to this paragraph 15(a)(ii)(c).

Thus, the Settlement provides for a settlement fund, excluding attorney's fees and a service fee to the lead plaintiff, of $599,975.42.

Additionally, the lead plaintiff, Mr. Daisley, will receive an incentive payment of $9,000 to compensate him for his services and efforts on behalf of the class.

Pursuant to the Settlement Agreement, the amount payable by West Creek for Class Counsel's attorney's fees and costs was agreed upon by the parties at $96,000.00 (ninety-six thousand dollars) in attorney's fees and costs.

West Creek will also pay all settlement administration costs, such as notice to Class Members, issuance of checks, etc. as provided for in the Settlement Agreement.  Funds remaining unclaimed more than 120 days after settlement payment checks are mailed (*i.e.*, money resulting from un-cashed settlement checks and any other residual amounts) will be donated to a tax-exempt entity or entities mutually acceptable to West Creek and Class Counsel and approved by the Court.

In consideration of the sums paid pursuant to the Settlement Agreement, the Class Members will release claims against WCF stemming from the same factual predicate as the claims asserted herein.  Specifically, the Settlement provides as follows:

> "Released Claims" means and includes any and all charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, pled in the Action or unpled in the Action, which Representative Plaintiff and those Settlement Class Members who do not opt-out now have, own or hold against WCF that arise out of a common factual predicate as the claims asserted in the Action, including but not limited to any such claim alleging violations of, or non-compliaThe nce with, New York or other relevant law. The intent of the parties is that the Released Claims shall cover and apply to all charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of

4

action that may be permissibly released pursuant to the Second Circuit's holding in Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 106-108 (2d Cir. 2005).

Settlement Agreement, ¶10(n).

The Settlement further provides that:

21. **Releases.** Upon the Effective Date and without any further action by the Court or by any Party to this Settlement Agreement, Representative Plaintiff, on behalf of himself and all of his respective past, present and future predecessors, successors, assigns, devisees, relatives, heirs, legatees, and agents, and each of the Settlement Class Members, who do not opt-out of the Settlement, including their respective past, present and future predecessors, successors, assigns, 17

devisees, relatives, heirs, legatees, insurers and agents, shall be deemed to, and shall in fact, have remised, released and forever discharged any and all Released Claims, which they, or any of them, had or has or may in the future have or claim to have against the Released Persons.

Settlement Agreement, ¶21.

## II.    ARGUMENT

### A.    The Court Should Certify a Conditional Class So that Class Members May Be Notified

Courts may certify a class for settlement purposes only. *Elliot v. Leatherstocking Corp.*, 2012 U.S. Dist. LEXIS 171443, at *4 (N.D.N.Y. Dec. 4, 2012); *McDaniel v. County of Schenectady*, 2007 U.S. Dist. LEXIS 81889, at *10-11 (N.D.N.Y. Nov. 5, 2007). Indeed, "[c]ertification of a class for settlement purposes only is permissible and appropriate." *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 31 (E.D.N.Y. 2006) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-21 (1997)).

Rule 23(a) provides that: "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R.

Civ. P. 23(a).  In addition to satisfying Rule 23(a), a plaintiff must satisfy one of three criteria set

forth in Rule 23(b).  *See Comer v. Cisneros*, 37 F.3d 775, 796 (2d Cir. 1994).

    Here, Plaintiff seeks certification under Rule 23(b)(3) which provides that certification is

appropriate when "the court finds that the questions of law or fact common to class members

predominate over any questions affecting only individual members, and that a class action is

superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed.

R. Civ. P. 23(b)(3).

    *1.  Rule 23(a) Requirements*

       i.    The Numerosity Requirement Has Been Met

    A plaintiff is not obligated to identify the exact number of class plaintiffs.  *See Robidoux*

*v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993).  However, the Second Circuit has previously

determined that numerosity is presumed at a figure of 40.  *Consolidated Rail Corp. v. Town of*

*Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).  Here, there are 2,976 Class Members.  Numerosity

is thus easily satisfied.

       ii.   There are Common Questions of Fact of Law

    Commonality is satisfied "if plaintiffs' grievances share a common question of law or

fact."  *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997).  Put another way, what is needed

is a common nucleus of operative facts or an issue that affects all members of the class.  *In re*

*Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166-67 (2d. Cir. 1987).  There need only be a

single issue common to all members of the class.

    Here, the central issue in this case is the allegation that West Creek offered Rent-to-Own

Agreements (each known as a Lease Agreement With Ownership Option) that violated New

York Personal Property Laws § 500 *et seq.,* and New York General Business Law § 349 insofar

as the agreements did not contain certain standard disclosures required in all such transactions;

the agreements exceeded the provisions setting limits on the amounts chargeable to consumers who wish to exercise their early purchase options; and the agreements failed to provide warranties for the merchandise that is the subject of its Rent-to-Own Agreement. These common issues are sufficient to satisfy this requirement.

iii.    The Plaintiff's Claim is Typical of Those of the Members of the Class

Typicality is satisfied when "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993). "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying the individual claims." *Id.*

In this case, all of the Class Members' claims arose out of substantially similar form Rent-to-Own Agreements. Thus, the settlement Class Members' claims are typical of one another.

iv.    Plaintiff and His Counsel Offer the Class Adequacy of Representation

To satisfy this factor, a plaintiff must demonstrate two elements: (1) "there is no conflict of interest between the named plaintiffs and other members of the plaintiff class" and (2) "class counsel is qualified, experienced, and generally able to conduct the litigation." *Marisol. A. v. Giuliani*, 126 F.3d 372, 378 (2d. Cir. 1997) (internal citations and quotations omitted); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29 (2d Cir. 2009) (conceptualizing first prong as whether "plaintiff's interests are antagonistic to the interest of other members of the class").

In this matter, there is no antagonism between Plaintiff's claims and those of the proposed class that would interfere with Plaintiff's ability to act as class representative.

Each member of the Warranty Subclass and Early Payment Option Subclass is also a member of the Settlement Class. And the vast majority of Settlement Class members are also members of one or both subclasses. Moreover, the payments for the subclasses are in addition to (not in lieu of) the payment to the Settlement Class. Further, Plaintiff is a member of the Settlement Class and the Warranty Subclass. And, although he is not a member of the Early Payment Option Subclass (because his payments did not exceed the threshold set in that subclass definition), his Rent-To-Own agreement is substantively identical to agreements of all Early Payment Option Subclass members, containing the same allegedly defective early payment formula. Thus, Plaintiff and these subclass members' alleged "injuries arose out of the same violative conduct [and] []he may properly represent" this subclass. *Keele v. Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998). *See also Madden v. Midland Funding, LLC*, 237 F. Supp. 3d 130, 158 (S.D.N.Y. 2017) (holding that a named plaintiff who suffered only statutory damages in connection with a collection letter overstating interest owed was adequate to represent those class members who had suffered actual damages by paying the overstated interest, and collecting cases, including *Keele*). In sum, the Plaintiff is adequate to represent every Class Member.

Plaintiff's counsel, Daniel A. Schlanger of Schlanger Law Group LLP is a qualified and experienced attorney, fully familiar with consumer litigation and with class action work. *See* Declaration of Daniel A. Schlanger in Support of Motion for Preliminary Approval of Class Settlement dated October 24, 2018 ("Schlanger Decl."). Mr. Schlanger has previously been certified as Class Counsel in class actions in the E.D.N.Y. (and other jurisdictions) and has submitted declarations setting forth his credentials. Moreover, Mr. Schlanger has investigated and prosecuted the case since its inception, represented Plaintiff and the putative class in Court,

and negotiated an outstanding settlement with Defendant.  Mr. Schlanger will adequately represent the class.

2. *Rule 23(b): Superiority*

To determine whether a class settlement satisfies Rule 23(b)(3)'s requirement that it be the superior and appropriate method for the fair and efficient resolution of this matter, the Second Circuit instructs a two-step inquiry looking first to whether the issues affecting the class predominate in the lawsuit and next to whether the class action is a superior mechanism.  "In order to meet the predominance requirement of rule 23(b)(3), a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001); *see also Moore v. Paine Webber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002) (finding predominance met "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof"). If predominance is found, a Court must also determine whether "a class action is superior to other available methods for . . . adjudicating a controversy."  Fed. R. Civ. P. 23(b)(3).

This case involves form Rent-to-Own Agreements.  As asserted by Plaintiff, the agreements did not contain certain standard disclosures required in all such transactions under New York law; the agreements exceeded the provisions setting limits on the amounts chargeable to consumers who wish to exercise their early purchase options; and the agreements failed to provide warranties for the merchandise that is the subject of its Rent-to-Own Agreement.  All of the Settlement Class Members contain the alleged disclosure violations.  In addition, the vast

9

majority of the many of the agreements (2,665 of 2,976) contain the allegedly defective warranty provision.

Moreover, this action does not involve any matters beyond the alleged defects in these Rent-to-Own consumer transactions.  As such, the common issues in the instant case predominate over any issues that would be subject to individualized proof.  Likewise, a class action is a superior method for the "fair and efficient adjudication" of these claims because it involves several thousand individuals with identical or virtually identical claims.

Accordingly, the Court should provisionally certify the class herein.

B.  The Settlement Agreement Should Be Preliminarily Approved

"Preliminary approval . . . is the first step in the settlement process.  It simply allows review of the proposed settlement within a range of reasonableness and notice to issue to all members of the class . . . to object or to opt-out of the settlement." *Marroquin Alas v. Champlain Valley Specialty of N.Y., Inc.*, No. 5:15-cv-00441, Dkt. No. 39 at 3 (N.D.N.Y. Feb. 8, 2016) (D'Agostino, J.).  "To grant preliminary approval, the court need only find that there is probable cause to submit the settlement to class members and hold a full-scale hearing as to its fairness." *Torres v. Gristede's Operating Corp.*, 2010 U.S. Dist. LEXIS 75362, at *11 (S.D.N.Y., June 1, 2010).

The court should be guided by the Second Circuit's recognition that public policy favors the settlement of class actions. See *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 328 (S.D.N.Y. 2005) ("There is a strong judicial policy in favor of settlements, particularly in the class action context.  The compromise of complex litigation is encouraged by the courts and favored by public policy.") (internal citations omitted), *aff'd in part and vacated in part*, 443 F.3d 253 (2d Cir. 2005).  As Courts have recognized, "[t]here is a strong judicial policy in favor

of settlements, particularly in the class action context." *Marroquin Alas v. Champlain Valley Specialty of N.Y., Inc.*, 2016 U.S. DIST. Lexis 79043, at *9 (N.D.N.Y. June 17, 2016) (D'Agostino, J.). "Moreover, a presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Id.*

A brief examination of the proposed settlement, using the factors laid out by the Second Circuit for evaluating the substantive fairness of a class action settlement in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), demonstrates that this settlement should be given the Court's preliminary approval. "Judges should not substitute their own judgments as to optimal settlement terms for the judgment of the litigants and their counsel." *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982).

> 1. *The complexity, expense and likely duration of the litigation*

In this case, the Defendant has vigorously denied liability. Were the case to proceed, Defendants would seek arbitration and argue that Plaintiff's ability to prosecute this matter as a class action was waived. The Court has indicated that – absent settlement – the case will proceed to discovery and a trial (or summary judgment) regarding arbitrability.

Assuming Plaintiff prevailed on the arbitrability issue, Defendant would argue that Plaintiff cannot succeed on the merits of the action, *inter alia*, based on a choice of law provision in the form contracts at issue and its contention that any non-compliance was the result of a violation of the New York's Rent-to-Own statute was unintentional and resulted from a bona fide or clerical error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error. *See* N.Y. Pers. Prop. Law § 507 "bona fide error", implicating additional discovery and motion practice.

The Defendant has not agreed to class certification except for purposes of settlement, so discovery and motion practice would be necessary on the issue of class certification, as well.

In short, although, Plaintiff believes that the matter is not subject to mandatory arbitration; that the conduct complained of constitute violations of New York law; and that the case is properly certifiable, proceeding forward with the litigation would clearly involve significant time, complexity, and risk.

Indeed, even assuming Plaintiff were to prevail on the merits it is entirely possible that the Class Members would obtain lower recovery than agreed to in the Settlement Agreement. Defendant could engage in an appeal, further delaying any relief to the Class Members for many additional months or years. Settlement will yield a quick payment and insured benefit to each member of the class.

2.   *The stage of the proceedings and the amount of discovery completed*

As part of the settlement process, West Creek provided Plaintiff with the core discovery materials that would have been produced over the course of the litigation, i.e. a data compilation containing balance, payment and other account information as well as all of the different (but quite similar) versions of the Rent-to-Own Agreement used by Defendant in New York during the relevant period, as well as which class member's account was associated with which version of the agreement. Plaintiff's counsel reviewed those materials to identify Class Members.

Having reviewed discovery materials provided pursuant to the Settlement Agreement, Plaintiff's counsel have assured themselves that they have enough information to assess the fairness of the proposed settlement. Settling at this stage will obviate the need for expensive and lengthy formal discovery, including potentially contentious motion practice regarding document production. It should be noted in this regard that Defendant produced these materials for

settlement purposes only and reserved the right to contest discoverability of all of the materials provided during settlement negotiations.

Moreover, the Settlement is the result of exhaustive negotiations between the parties over an extended period and extensive back and forth over several months, including multiple, detailed letters and emails between counsel laying out respective merits and settlement positions, as well as numerous telephonic negotiation sessions.  There can thus be no question but that the proposed settlement is the result of *bona fide,* arm's length negotiations.  *See McReynolds v. Richards-Cantave*, 588 F.3d 790, 803-804 (2d Cir. 2009); *People United for Children, Inc. v. City of New York*, 2007 U.S. Dist. LEXIS 15425, at *8-9 (S.D.N.Y. Feb. 23, 2007).

3. *The risks of establishing liability and the risks of establishing damages*

Although Plaintiff contends West Creek's liability can be established through its consistent use of defective form agreements, discovery may yield results reflecting that the violation of the New York's Rent-to-Own statute was unintentional and resulted from a bona fide or clerical error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.  *See* N.Y. Pers. Prop. Law § 507.

Moreover, there is – in addition to the arbitrability and class waiver question – Plaintiff's claims require application of New York law, whereas the form contracts at issue contain a choice of law clause.  While Plaintiff contends that this clause is unenforceable, absent settlement, choice of law is thus a threshold issue on which Plaintiff must prevail in order to recover.

With regard to the Early Payment Option Subclass, Plaintiff can establish the amount the overcharge and the differential between the amounts paid by consumers to West Creek and the amounts that could be legally charged under N.Y. Pers. Prop. Law § 504.  However, if the matter proceeded to trial, Defendant would have an opportunity to contest the methodology for

assessing the amount of damage incurred.  Similarly, as to the disclosure violations and the valuation of the not-provided-warranties on the merchandise, Plaintiff would bear the burden at trial of establishing compensable out-of-pocket loss/diminution in value.  Furthermore, recovery of treble damages under N.Y. Gen. Bus. Law § 349 (which is directly made applicable to the alleged violations by N.Y. Pers. Prop. Law § 507(3)) is plausible, but far from assured.

The proposed settlement signifies a significant accomplishment inasmuch as the minimum payment of $113.57 in settlement for each Class Member (with additional compensation if he/she is also a member of a subclass, as is the case for the vast majority of Class Members) assures them each a substantial, fixed sum in consideration for the releases provided to the Defendants as part of the Settlement Agreement.  Moreover, in light of the precedents within this District, the sum obtained for each Class Member may well be larger than what they would have obtained even assuming they were to prevail at trial on a class or individual basis.

### 4.   *The risks of maintaining the class action through the trial*

As described above, Plaintiff has not yet moved for class certification. Settlement removes any risk that class certification would be denied or that, if granted, such decision could be appealed.  Additionally, Defendant claims that even if Plaintiff can defeat arbitrability, the rest of the class cannot, and has indicated that it would challenge class treatment on this basis. While Plaintiff vigorously denies this contention, there is appreciable risk with regard to this issue.

### 5.   *The ability of the Defendant to withstand a greater judgment; the range of reasonableness of the settlement fund in light of the best possible recovery, and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation*

The settlement herein obtains for each class member an assured, and appreciable, recovery.   Based on the terms of the Settlement Agreement, each class member is assured a fixed sum of $113.57 which cannot be diluted regardless of the size the class or the amount of fees awarded.

And the vast majority of class members will receive additional funds.  As noted above, 2,665 of the 2,976 class members are also Warranty Subclass members. Although the amounts due to each Warranty Subclass member will vary based on the purchase price, the mean amount, per class member is an additional $63.90 (i.e. $170,295 divided by 2,665).

Early Payment Option Class members (all of whom are both Settlement and Warranty Subclass members) will receive additional funds.  Although the amounts will vary depending upon the amount of the alleged overpayment, the mean recovery to each Early Payment Option subclass member is an additional $251.87 (i.e. $91,680.42 divided by 364).

As discussed above, these amounts may not only exceed what the class would have recovered at trial, but also what any individual litigant might have recovered had he or she pursued the case on an individual basis, even assuming the consumer prevailed.

6.   *The Attorney's Fees Provisions of the Settlement Are Reasonable*

 "Courts have encouraged litigants to resolve fee issues by agreement." *Foti v. NCO Fin. Sys.*, 2008 U.S. Dist. LEXIS 16511, at *21 (S.D.N.Y. Feb. 19, 2008).  "This is particularly so" if, as in the instant case, "the amount of attorneys' fees is in addition to and separate from defendant's settlement with the class." *Id.* at *21.

Both N.Y. Pers. Prop. Law § 507(1) and N.Y. Gen. Bus. Law § 349(h) provide for an award of attorneys' fees to a prevailing plaintiff.  Moreover, attorneys' fees are available to prevailing plaintiffs in class actions under Fed. R. Civ. P. 23(h).

In the instant case, as set forth above, the Settlement Agreement provides that West Creek shall pay Class Counsel fees and costs of $96,000.00 (ninety-six thousand dollars). This amount is in addition to, not in lieu of, the $599,975.42 to be paid to the class. Moreover, the attorneys' fees in this matter were not negotiated, much less agreed upon by the parties, until after an settlement-in-principle had been reached with regard to the recovery of monies to the class.

"[C]ourts may calculate reasonable attorneys' fees from a common fund based either on the percentage of the recovery method or the lodestar method." *Parker v. Time Warner Entm't Co., L.P.,* 631 F.Supp.2d 242, 264 (E.D.N.Y. 2009). "[B] both the lodestar and the percentage of the fund methods are available to district judges in calculating attorneys' fees in common fund cases." *Goldberger,* 209 F.3d 43, 50 (2d Cir. 2000). Under the percentage-of-fund method, class counsel is awarded a reasonable percentage of the common fund. *McDaniel v. Cty. of Schenectady,* 595 F.3d 411, 417 (2d Cir. 2010). Following the lodestar method, a "presumptively reasonable fee" is determined based on "the product of a reasonable hourly rate and the reasonable number of hours required by the case . . . ." *Perez v. AC Roosevelt Food Corp.,* 744 F.3d 39, 44 (2d Cir. 2013).

The lodestar "may be adjusted by a multiplier when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" *Lizondro-Garcia v. Kefi LLC*, No. 12 CIV. 1906 HBP, 2015 WL 4006896, at *3 (S.D.N.Y. July 1, 2015) (quoting *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 554 (2010)). Multipliers in amounts that are 2.01 or more have been held to be reasonable. *See, e.g., Hall v. ProSource Techs., LLC*, No. 14-CV-2502 (SIL), 2016 WL 1555128, at *14 (E.D.N.Y. Apr. 11, 2016) (awarding fees equal to a multiplier of 2.01).

Expressed as a percentage of the settlement fund for the class, the attorney's fees agreed upon in this matter come to only 16 percent of the recovery to the class (or 13 percent of all monies recovered inclusive of the attorneys' fees).

Moreover, to date, Schlanger Law Group LLP has expended over 140 hours on this matter, including investigating and researching the claims, preparing the complaint, pre-motion practice regarding arbitrability and suitability for class certification, appearing at Court conferences, negotiating the settlement agreement with opposing counsel, and preparing the motion for preliminary approval of the class settlement. Schlanger Law Group LLP's lodestar is more than $55,000 to date. The firm's final lodestar, even absent any objections or unanticipated contested issues, is expected to exceed $70,000 including entry of judgment, class administration logistics and fielding class member inquiries. *See* Schlanger Decl., ¶34. Using the $70,000 figure in reference to the $96,000 yields a multiplier of 1.37.

In sum, the amount agreed upon by the parties is eminently reasonable in light of the work performed and the education, skills and experience of counsel, and the outstanding outcome achieved in this matter.

### III. THE PROPOSED NOTICE TO THE CLASS SHOULD BE APPROVED

Once preliminary approval is granted, the second step of the process ensues; notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval. *Am. Med. Ass'n v. United Healthcare Corp.*, 2009 U.S. Dist. LEXIS 45610, 2009 WL 1437819, at *3 (S.D.N.Y. May 19, 2009). Pursuant to Rule 23(c)(2)(B), when a class is certified under Rule 23(b)(3), the Court must direct to the class members "the best notice practicable under the circumstances, including individual notice to all members, who can be identified through reasonable effort." With regard to class certification

pursuant to a settlement, the notice "must fairly apprise the prospective members of the class of the pendency of the class action, the terms of the proposed settlement, and the options that are open to them in connection with the proceedings, including the option to withdraw from the settlement." *Reade-Alvarez*, 237 F.R.D. at 34 (citing *Weinberger v. Kendrick*, 698 F.2d 61, 70-71 (2d Cir. 1982)).

The proposed notice meets the requirements set forth under Rule 23(c)(2)(B).  (*See* Settlement Agreement, Exhibit B, at 1.)  The proposed notice here contains all the necessary information, including the nature of the lawsuit, the class, the settlement terms, and the options available to the members of the class.  *Id.*  With 60 days of preliminary approval by the Court, the Class Administrator will mail, by first class mail, the Class Notice to each class member at his/her last known address.  Settlement Agreement, at ¶ 24.

## CONCLUSION

For the reasons set forth above, Plaintiff's unopposed motion to certify the settlement class and for preliminary approval of the class settlement should be granted and the Court should set the various dates and deadlines for notice, opt-outs, exclusions, objections, and a hearing under Rule 23.

Dated: October 24, 2018

Respectfully Submitted,

*/s/ Daniel A. Schlanger*
Daniel A. Schlanger
Schlanger Law Group LLP
9 East 40th Street, Suite 1300
New York, New York 10016
T.  212-2500-6114
F.  646-612-7996
dschlanger@consumerprotection.net

*Attorney for Plaintiff*

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **RAWLE DAISLEY,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 1:18-cv-03555-BMC** |
| **WEST CREEK FINANCIAL, INC.,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CLASS SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by Plaintiff Rawle Daisley ("Representative Plaintiff"), acting individually and on behalf of the Settlement Class defined below, and Defendant West Creek Financial, Inc. ("WCF"). This Settlement Agreement is subject to preliminary and final approval by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## I.  RECITALS

1.      On June 19, 2018, Representative Plaintiff filed a putative class action Complaint in the United States District Court for the Eastern District of New York, alleging that WCF violated the New York Personal Property Law §§ 500, *et seq.*, and the New York General Business Law § 349, with respect to the content of his Lease Agreement with WCF. The Complaint also alleges a claim for rescission of the Lease Agreement.

2.      Plaintiff filed a First Amended Complaint as a matter of course on the same day that the original Complaint was filed.

3.     Consistent with the Case Management Orders of the Court (Cogan, J.), WCF filed a letter motion on July 26, 2018, requesting the Court's permission to file a Motion to Compel Arbitration and to Stay Case (Doc. 18).

4.     Representative Plaintiff submitted a letter stating his opposition to WCF's intended Motion (Doc. 20).

5.     The Court conducted an in-person Initial Status Conference and Pre-Motion Conference on August 14, 2018.  At that Conference and in a subsequent Order, the Court set forth a schedule for discovery relating to the issue of arbitrability of Representative Plaintiff's claims.

6.     While the Parties began discovery on the issue of arbitrability, the Parties also engaged in discussions related to the settlement of Representative Plaintiff's claims on a class basis.

7.     Following a series of arms' length negotiations, the Parties reached a tentative class settlement in principle, and, on September 12, 2018, Representative Plaintiff filed with the Court a Notice of Settlement-in-Principle (Doc. 26).

8.     WCF has entered into this Agreement to resolve any and all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the burden, risk and expense of further litigation.  WCF does not in any way acknowledge, admit to or concede any of the allegations made in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint, and maintains that it has a number of meritorious defenses to the claims.  Nevertheless, WCF recognizes the risks and uncertainties inherent in litigation, the significant expense associated with defending class actions, the costs of any appeal, and the

disruption to its business operations arising out of this litigation. It also recognizes the danger which a successful trial on class-wide claims might present to it. Accordingly, WCF believes that settlement is in its best interests. Nothing contained in this Agreement shall be used or construed as an admission of liability. This Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature other than to enforce the terms of this Agreement.

9.     Representative Plaintiff has entered into this Agreement to liquidate and recover on the class claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Representative Plaintiff does not in any way concede the claims alleged in the Complaint lack merit or are subject to any defenses.

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into and are an integral part of this Agreement, and in consideration of the mutual promises below, the Parties agree that the Action and all claims of the Representative Plaintiff and the proposed Settlement Class are settled, compromised, and dismissed on the merits and with prejudice as to WCF, subject to Court approval as required by Rule 23 of the Federal Rules of Civil Procedure, on the following terms and conditions:

## II.  TERMS OF THE SETTLEMENT

10.     **Definitions**: As used in this Agreement, the following terms have the following meanings:

(a)     "Action" means and refers to the action styled *Rawle Daisley v. West Creek Financial, Inc.,* Civil Action No. 1:18-cv-3555-BMC (E.D.N.Y.).

(b)     "Class Counsel" or "Plaintiff's Counsel" means Daniel Schlanger, Esq. of Schlanger Law Group, LLP.

3

(c) "Class Member List" means the list of individuals who are within the Settlement Class, as defined below and not otherwise excluded, that is to be compiled by WCF and provided to Class Counsel and the Settlement Administrator.

(d)    "Complaint" refers to the First Amended Complaint filed in the Action.

(e)    "Court" means the United States District Court for the Eastern District of New York.

(f)    "Effective Date" means the earliest of (i) the date of Final Approval, if no Class Member objects to or intervenes in the Settlement; (ii) thirty (30) days after the date of Final Approval, if a Class Member objects to the Settlement but no appeal by a Class Member is filed; (iii) the date of the final affirmance on appeal, if a Class Member objects to the Settlement and an appeal is filed; or (iv) the final dismissal of any appeal.

(g)    "Final Approval" means the order approving the Settlement and certifying the Settlement Class as final.

(h)    "Fairness Hearing" refers to the hearing at which the Court shall:

(i) determine whether to grant final approval to this Settlement;

(ii) consider any timely objections to this Settlement and all responses thereto; and

(iii) consider requests for an incentive award to the Representative Plaintiff, award of attorneys' fees and expenses.

(i)    "Notice of Proposed Class Action Settlement" means the notice to Settlement Class Members approved by the Court in the Preliminary Order.

(j)    "Parties" means the Representative Plaintiff and WCF.

(k)    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and any business or legal entity and their spouses, former spouses, heirs, executors, administrators, predecessors, successors, representatives, agents, partners, and assignees.

(l)    "Preliminary Approval Date" means the date the Court enters the Preliminary Order approving the Settlement.

(m)    "Preliminary Order" means that certain order entered by the Court, preliminarily approving the Settlement, provisionally certifying the Settlement Class, and approving notice to Settlement Class Members.

(n)    "Released Claims" means and includes any and all charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, pled in the Action or unpled in the Action, which Representative Plaintiff and those Settlement Class Members who do not opt-out now have, own or hold against WCF that arise out of a common factual predicate as the claims asserted in the Action, including but not limited to any such claim alleging violations of, or non-compliance with, New York or other relevant law. The intent of the parties is that the Released Claims shall cover and apply to all charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action that may be permissibly released pursuant to the Second Circuit's holding in Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 106-108 (2d Cir. 2005).

(o)    "Released Persons" means WCF and its past and present agents, directors, officers, employees, shareholders, members, managers, insurers, representatives, attorneys, vendors, independent contractors, predecessors, successors and assigns, parents and subsidiaries, divisions, and affiliates and each of their respective past and present agents, directors, officers, employees, shareholders, insurers, representatives, attorneys, vendors, independent contractors, predecessors, successors and assigns, parents and subsidiaries, divisions, and affiliates.

(p)    "Representative Plaintiff" refers to Rawle Daisley.

(q)    "Settlement" refers to the settlement, release, and final dismissal of claims contemplated by this Settlement Agreement.

(r)    "Settlement Administrator" means A.B. Data, Ltd.

(s)    "Settlement Class", "Class" and "Settlement Class Members" means only those persons included within the Settlement Class as defined below and who are not otherwise excluded.

(t)    "Settlement Fund" means the sum referred to in Paragraph 15(a) which is being paid by WCF to settle this Action.

(u)    "WCF" means West Creek Financial, Inc.

11.    **Conditional Class Certification**.  For purposes of this Settlement only and its implementation, the Parties hereby stipulate and agree that this Action may be certified as a class action under Fed. R. Civ. P. 23(b)(3) in accordance with the terms of this Settlement Agreement. This stipulation and agreement is without prejudice to WCF's right to contest class certification and/or to move to compel arbitration in the event this Settlement Agreement is not fully implemented in accordance with its terms.  If this Settlement Agreement is not approved or otherwise fails to be fully implemented, WCF reserves all of its rights to object to any

subsequent motion to certify a class in this Action and no representation or concession made in connection with the Settlement or in this Settlement Agreement shall be considered law of the case or an admission by WCF or give rise to any form of estoppel or waiver by WCF in this Action or any other proceeding.  WCF does not agree to certification of the Settlement Class for any purpose other than to effectuate this Settlement Agreement.  If this Settlement Agreement is approved, no representation or concession made in connection with the Settlement or in this Settlement Agreement shall be considered to have *res judicata* or collateral estoppel effect against WCF or to be an admission by WCF or to give rise to any form of estoppel or waiver by WCF in any other proceeding.

12. **Settlement Class.**

*A. The Settlement Class:*

The Parties hereby stipulate and agree that the Settlement Class shall be defined as follows:

> All consumers who transacted for merchandise in a transaction in which WCF is identified to be the Lessor/Owner pursuant to a Lease Agreement With Ownership Option or Rental-Purchase Agreement and in which the purchase occurred at a vendor's New York location prior to July 25, 2018.

*B. The Settlement SubClasses:*

The Parties hereby stipulate and agree that the Settlement Class shall contain two subclasses:

> 1. **The Warranty Subclass**, which shall be defined as follows:
>
> All Settlement Class Members but for those involving purchases occurring from 7/19/2017 through 8/30/2017 or from 7/6/2018 through 7/24/2018.  In addition, the Warranty Subclass excludes the class

7

member who made his/her purchase on 7/5/2017 and with account number ending 297-1 and the class member who made his/her purchase on 7/18/17 with account number ending 726-1.

2. **The Early Payment Option Subclass**, which shall be defined as follows:

All Settlement Class Members

(a) whose transaction occurred between 12/8/2016 through 7/18/2017 (as well as the class member whose transaction occurred on 9/18/2017 with account number ending 584-1); and

(b) who -- in addition -- paid WCF more over the life of the lease (as of 9/26/18) than the maximum early purchase amount permissible on day 91 of the contract term, pursuant to New York's Personal Property Law § 504 under the formula and method of calculation Plaintiff alleges to be applicable, which is set forth in the Complaint at paragraphs 70-76.

*C. Exclusions:*

Excluded from the Settlement Class and all subclasses are: (i) Any individual who now is, or ever has been, an officer of WCF as well as the spouses, parents, siblings and children of all such individuals; (ii) Any Judge of the United States District Court for the Eastern District of New York, as well as his or her immediate family and staff.

13. **Class Counsel**.   The Parties agree that Daniel A. Schlanger, Esq. of Schlanger Law Group LLP shall be appointed Class Counsel, without prejudice to WCF's right to contest the appointment as Class Counsel in the event that this Settlement Agreement is not fully

implemented in accordance with its terms.  If this Agreement is not approved or otherwise fails to be fully implemented, WCF reserves all of its rights to object to any subsequent motion to appoint Class Counsel in this Action.

14. **Class Member List**.

(a) The Settlement Class comprises of two thousand nine hundred and seventy-six (2,976) individual consumers who meet the Settlement Class definition set forth in paragraph 12 above, including 2,665 settlement class members who are also members of the Warranty Subclass and 364 settlement class members who are, in addition to being members of the Warranty Subclass, also members of the Early Payment Option Subclass. (There are no Settlement Class Members who are members of the Early Payment Option Subclass who are not also members of the Warranty Subclass.)

(b) Within fourteen (14) days after the Preliminary Approval Date, WCF will provide Class Counsel and the Settlement Administrator with a Class Member List in readable electronic form.  For each Settlement Class Member, WCF will provide the: (i) account number; (ii) date of agreement; (iii) the name of the consumer; (iv) the consumer's last known address; and (v) the original principal amount of the Lease Agreement.

(c) Together with the Class List, WCF will provide Class Counsel with a sworn affidavit generally describing the methodology and the work done to compile the Class List.

(d) In connection with negotiation of this Settlement, Plaintiff's counsel has examined a partial version of the Class List.  Notwithstanding this fact, Plaintiff reserves the right to (and shall) review the final version of the Class List and the affidavit referenced above within 14 days of its provision by counsel for WCF.  To the extent Plaintiff's counsel has concerns, the Parties shall meet and confer.  To the extent the Parties' meet and confer does not resolve any differences with regard to the Class List, the parties shall submit their dispute to the Court for a determination.

(e) Representative Plaintiff, Class Counsel, and the Settlement Administrator agree and acknowledge that the Class Member List contains certain confidential information and that the account information identified in the Class Member List constitutes confidential material.  Therefore, Representative Plaintiff, Class Counsel, and the Settlement Administrator agree to treat the Class Member List as confidential and to use the Class Member List and the information contained therein solely for the purpose of providing the settlement benefits offered by this Settlement Agreement to Settlement Class Members and otherwise implementing the terms of this Settlement Agreement (including, if applicable, responding to any objections) and for no other purpose whatsoever.  Except to the extent authorized by this Settlement Agreement, Representative Plaintiff, Class Counsel, and the Settlement Administrator further agree not to disclose the Class Member List or any of the information contained in the Class Member List to Settlement Class Members or any third party, except

pursuant to a valid subpoena. Class Counsel and the Settlement Administrator may, however, disclose to any individual Settlement Class Member information related to that Settlement Class Member's account contained on the Class Member List, and may disclose to any consumer who is not a Class Member and who inquires, that he or she is not on the Class List. Notwithstanding any contrary language contained in this Settlement Agreement, the provisions of this paragraph shall survive any termination or modification of this Settlement Agreement and shall continue to be binding regardless of whether or not the Settlement is fully implemented.

15. **Class Relief.**

(a) **Creation of Settlement Fund**: Subject to the approval and further order of the Court, WCF shall pay the sum of Five Hundred Ninety-Nine Thousand, Nine Hundred Seventy-Five Dollars and Forty-Two Cents ($599,975.42) (the "Settlement Fund") for the benefit of the Settlement Class.

(i) **Deposit of Settlement Fund**. WCF shall transfer the Settlement Fund to the Settlement Administrator to be held in an interest bearing escrow account within fifteen (15) days after Final Approval. In the event the Settlement is not approved by the Court, this Agreement is terminated by either party as provided in Paragraph 28 of this Agreement or the Settlement is not fully implemented for any reason (other than any failure or refusal of WCF to abide by and implement in good faith its terms without legal justification, as determined by the Court) and WCF already transferred the Settlement Fund to the Settlement Administrator, the Settlement Fund (including accrued interest, if any), less expenses actually incurred by the

Settlement Administrator or due and owing to the Settlement Administrator in connection with the Settlement, shall be refunded to WCF within two (2) business days.

    (ii)  **Distribution of Settlement Fund**.  The Settlement Fund shall be distributed as follows:

     a. Members of the Settlement Class shall each receive a *pro rata* share of $338,000.

     b. Members of the Warranty Subclass shall, in addition to amounts paid pursuant to paragraph 15(a)(ii)(a) above, each receive a share of $170,295 calculated in proportion to the purchase price of the goods leased by WCF in that Warranty Subclass member's transaction.  Class Counsel shall provide WCF with the amount to be paid to each such subclass member pursuant to this paragraph 15(a)(ii)(b).

     c. Members of the Early Payment Option Subclass shall, in addition to amounts paid pursuant to paragraph 15(a)(ii)(a) and (b) above, each receive a share of $91,680.42 calculated in proportion to the amount of each Early Payment Option Subclass member's payment above the maximum early purchase amount permissible on day 91 of the contract term, pursuant to New York's Personal Property Law § 504 under the formula and method of calculation Plaintiff alleges to be applicable, which is set forth in the Complaint at paragraphs 70-76.  Class Counsel shall provide WCF

with the amount to be paid to each such subclass member pursuant to this paragraph 15(a)(ii)(c).

(iii)    **Method of Distribution**.    Payment to each member of the Settlement Class shall be in the form of a check drawn on an account maintained by the Settlement Administrator in which the Settlement Fund is deposited, which shall be made payable to "[Name of Class Member(s)]" within thirty (30) days after the Effective Date.

(iv)    **Negotiation of Checks**.    Each check issued pursuant to this Settlement Agreement shall be void if not negotiated within ninety (90) days after its date of issue, and shall contain a legend to such effect.  Checks that are not negotiated within ninety (90) days after their date of issue shall not be reissued.

(v)    **Unclaimed Checks**.    All payments that are unclaimed by Settlement Class Members, including all returned checks and all checks not cashed within ninety (90) days after the date of issue, shall revert to the Settlement Fund.

(b)    **Nonmonetary Relief**.  WCF represents and warrants that it has instituted a policy and practice whereby it currently makes receipts available to its New York customers that contain the information set forth at N.Y. Pers. Prop. § 504.2, and that if such customers currently contact WCF about their early purchase option, WCF's policy and practice is that such customers shall be provided with the information set forth at N.Y. Pers. Prop. § 504.1 and with early payment figures calculated in accordance with same.

16.    **Settlement Administrator**.

(a)    The Settlement Administrator shall execute a retainer agreement that shall provide, among other things, that the Settlement Administrator shall be bound by and shall perform the obligations imposed on it under the terms of this Agreement.

(b)    The Settlement Administrator shall be subject to the jurisdiction of the Court with respect to the administration of this Agreement.

(c) The Settlement Administrator shall keep all information regarding Class Members confidential except as otherwise provided herein.  All data created and/or obtained and maintained by the Settlement Administrator pursuant to this Agreement shall be destroyed fifteen (15) months after the Effective Date.

(d)    The Settlement Administrator will be responsible for administering the Settlement including:

(i)    effecting notice to the Settlement Class in a form and manner approved by the Court;

(ii)    conducting appropriate research, using a competent information broker on the Internet, the United States Postal Service Change of Address Database and/or a recognized credit bureau to ensure that any mailed notice which is returned for the reason that the address is incorrect will be corrected and a second notice sent;

(iii)    opening an account at a bank with accounts insured by the FDIC for the deposit of the Settlement Fund and for disbursing all funds from the Settlement Fund in accordance with this Agreement;

(iv)    maintaining a post office box address to receive inquiries with respect to the Settlement for a period of two hundred seventy days (270) after the Preliminary Approval Date or one hundred eighty (180) days from the Effective Date, whichever is longer;

(v)    preparing reports regarding the mailed notices, as directed by the Parties' counsel and the Court;

(vi)    accepting and reporting on written notice(s) to opt-out of the Settlement;

(vii)    creating and maintaining a website regarding the Settlement including basic information regarding the Settlement and links to, inter alia, the Settlement Agreement, Preliminary Order, Final Order and Class Notice.

(viii)  creating and maintaining an automated toll-free line providing basic information regarding the Settlement and instructions for obtaining relevant documents (e.g. copies of the Settlement Agreement, Preliminary Order, Final Order and Class Notice.)

(ix)    such other duties as directed by the Parties, provided that any modification of the duties referenced in subparts (i) – (viii) of this Paragraph must be mutually agreed to by the Parties.

17.    **Cost of Notice and Administration of Settlement**.    WCF shall pay all costs related to the administration of this Settlement Agreement and the costs related to the Settlement Administrator for effecting notice to the Settlement Class and distributing the Settlement Fund. WCF's payment of these costs shall be in addition to its payment of the Settlement Fund set forth in Paragraph 15(a), any incentive award approved by the Court as set forth in Paragraph 20, and any award of attorneys' fees and costs ordered by the Court as set forth in Paragraph 30.

18.    **Cy Pres**.    A *Cy Pres* fund will be created which includes any residue of the Settlement Fund remaining for any reason, including checks that are not negotiated or are returned and remain undeliverable after ninety (90) days following the mailing of the checks to Class Members under Paragraph 15(a) of this Settlement Agreement.  The *cy pres* fund shall be donated to a tax-exempt entity or entities mutually acceptable to WCF and Class Counsel and approved by the Court.  The *Cy Pres* funds shall be remitted by the Settlement Administrator to

Class Counsel within one hundred and twenty (120) days after the checks are mailed to the Class Members pursuant to Paragraph 15(a) of this Settlement Agreement, and Class Counsel shall then remit the funds to the *Cy Pres* recipient on behalf of the Settlement Class and provide proof of such payment to WCF's counsel.

19.    **Full and Final Settlement.**    Each Party agrees that the Action is being voluntarily settled after consultation with experienced legal counsel of their own choosing and that terms of the Settlement Agreement were negotiated at arm's length and in good faith.  It is the intent and purpose of this Settlement Agreement to effect a full and final settlement of the Released Claims.  In order to effectuate that purpose, the Parties agree to cooperate with one another and with the Settlement Administrator and use their best efforts to obtain Court approval of the Settlement and this Settlement Agreement.

20.    **Incentive Payment**. Within fifteen (15) days after the Effective Date, WCF shall pay Representative Plaintiff the sum of Nine Thousand Dollars ($9,000.00) as an incentive payment.  This payment by WCF shall be in addition to its payment of the Settlement Fund set forth in Paragraph 15(a), the costs to provide notice to the Settlement Class and to administer the Settlement as set forth in Paragraph 17, and any award of attorneys' fees and costs ordered by the Court as set forth in Paragraph 30.  Payment shall be by check payable in the name of the Representative Plaintiff and the check shall be delivered to Class Counsel.

21.    **Releases.**  Upon the Effective Date and without any further action by the Court or by any Party to this Settlement Agreement, Representative Plaintiff, on behalf of himself and all of his respective past, present and future predecessors, successors, assigns, devisees, relatives, heirs, legatees, and agents, and each of the Settlement Class Members, who do not opt-out of the Settlement, including their respective past, present and future predecessors, successors, assigns,

devisees, relatives, heirs, legatees, insurers and agents, shall be deemed to, and shall in fact, have remised, released and forever discharged any and all Released Claims, which they, or any of them, had or has or may in the future have or claim to have against the Released Persons.

22.    **Representative Plaintiff's and Settlement Class Members' Covenant Not to Sue**.  With the exception of such action as may be necessary to enforce the terms of this Agreement, Representative Plaintiff and all Settlement Class Members, who do not opt-out of the Settlement, agree not to institute, be represented in, participate in, submit, file, or permit to be filed on their behalf, any lawsuit, arbitration, charge, claim, complaint, or other proceeding in which a Released Claim is asserted.

### III.  PROCEDURES FOR EFFECTUATING SETTLEMENT

23.    **Cooperation.**  WCF and Class Counsel shall reasonably cooperate with each other to implement and monitor all aspects of this Settlement Agreement.

24.    **The Motion for Preliminary Approval**.  Representative Plaintiff shall move the Court for an order preliminarily approving the settlement and providing notice of the Settlement through a Court-approved notice plan which shall include the mailing of the Notice of Proposed Class Action Settlement to the members of the Settlement Class.  With regard to the motion for preliminary approval, the Parties shall submit, *inter alia*, the proposed preliminary order attached hereto as Exhibit A and the Proposed Notice of Proposed Class Action Settlement attached hereto as Exhibit B.    Mailing of the Notice of Proposed Class Action Settlement shall be accomplished no later than sixty days (60) days after the Preliminary Approval Date, unless a dispute arises as a result of the confirmatory discovery authorized in Paragraph 14 of this Agreement and that dispute requires the assistance of the Court for resolution.  In such event, the

Notice of Proposed Class Action Settlement shall be mailed no later than thirty (30) days after the dispute is resolved.

     25.    **Right to Opt Out from Settlement**.

     (a)    Any Settlement Class Member may elect to be excluded from this Settlement and from the Settlement by opting out of the Settlement.  Any Settlement Class Member who desires to be excluded from the Settlement must give written notice of the election to be excluded to the Settlement Administrator at the address listed in the Notice of Proposed Class Action Settlement, which must be received by the Settlement Administrator no later than the deadline set by the Court, which shall not be more than sixty (60) days after the date the Notice of Proposed Class Action Settlement is mailed to the Settlement Class, or as otherwise ordered by the Court.  Requests for exclusion must be signed by the person requesting exclusion from the Settlement and must include the requestor's full name, current address, telephone number and a statement that the requestor seeking to be excluded from the Settlement Class wishes to opt-out of the Settlement.

     (b)    The Settlement Administrator shall maintain the written notice(s) mailed to the Settlement Administrator pursuant to Paragraph 25(a) and a list of persons who have excluded themselves and shall provide such written notice(s) and list to WCF's Counsel and Class Counsel at least five (5) days prior to the date Class Counsel is required to file the Motion for Final Approval.  The Settlement Administrator shall retain the originals of all written notices requesting to be excluded from the Settlement (including the envelopes with the postmarks).

     26.    **Right to Object to the Settlement.**  Any Settlement Class Member shall have the right to object to the Settlement by filing a written objection with the Court at the address listed in the Notice of Proposed Class Action Settlement and by mailing a copy thereof to the

Settlement Administrator, not later than the deadline established by the Court, which shall not be more than sixty (60) days after the date the Notice of Proposed Class Action Settlement is mailed to the Settlement Class, or as otherwise ordered by the Court. All Objections must be signed by the person(s) making the objection, or an attorney or legal guardian authorized to act on their behalf, and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any legal authority that they wish the Court to consider in support thereof. Objections must also include the objector's full name, current address, telephone number and whether he or she intends to appear at the Fairness Hearing, at which time their objections will be considered, if not previously withdrawn.

### IV. CONDITIONS OF SETTLEMENT

27. **Approval of the Court**. This Agreement is subject to final approval by the Court. In connection with the Plaintiff's motion for final approval, the Plaintiff shall submit the proposed final approval order attached hereto as Exhibit C. If the Court does not approve this Settlement Agreement or enter the Orders requested herein (or materially similar orders), or if the Court enters the judgment provided for herein but either the judgment is materially modified or reversed upon appellate review, then this Settlement Agreement shall be canceled and terminated, unless counsel for both sides, within fourteen (14) days from the receipt of a ruling or written notice of circumstances giving rise to termination, agree in writing to proceed with this Settlement Agreement.

28. **Termination of Agreement**. This Settlement Agreement shall terminate:

    (a)    Automatically if the Court fails to approve the Settlement Agreement;

(b)     At the option of either Representative Plaintiff or WCF if the Court or any other court materially modifies (or proposes to modify) this Settlement Agreement as a condition to approval of the Settlement.

(c)     Upon mutual, written agreement of the Representative Plaintiff, on the one hand, and WCF, on the other hand.

(d)     At the sole discretion of WCF, if five percent (5%) or more persons eligible for inclusion in the Settlement Class elect to opt out of and be excluded from the Settlement.   WCF shall exercise such right of withdrawal by providing written notice of the election to terminate to the Court and to Class Counsel within fifteen (15) days after the deadline for Class Members to opt out as provided in Paragraph 25.

29.     **Effect of Termination of Agreement**.   If this Settlement Agreement is terminated or canceled as set forth, the Parties shall be deemed to have reverted to their respective status as of September 11, 2018, and they shall proceed in all respects as if this Agreement had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in this case.

## V.  APPLICATION FOR ATTORNEY'S FEES, COSTS AND DISBURSEMENTS

30.     **Class Counsel Attorney Fees and Costs**.

(a)     WCF shall not oppose or comment negatively to a request by Class Counsel for reimbursement of costs actually incurred or expected to be incurred and reasonable attorney's fees, in an amount not to exceed $96,000.00.   All Court-approved attorney's fees, costs and disbursements on behalf of or by Class Counsel shall be paid by WCF in addition to its payment of the Settlement Fund set forth in Paragraph 15(a), the costs to provide notice to the Settlement Class and to administer the Settlement as set forth in Paragraph 17, and any incentive

award approved by the Court as set forth in Paragraph 20.  WCF shall not be liable for any fees, costs or disbursements of Class Counsel apart from what is paid pursuant to this Agreement unless Representative Plaintiff is required to bring an action to enforce the terms of this Settlement Agreement and prevails in such action.

(b)    Approval by the Court of Class Counsel's request for attorneys' fees and costs of litigation shall not be a precondition to approval of the Settlement or dismissal of the Action in accordance with this Settlement.  Neither Representative Plaintiff, Class Counsel, nor WCF may cancel or terminate the Settlement based on the Court's or any appellate courts' ruling with respect to fees, expenses and disbursements.  Any appeal relating to Class Counsel's request for attorneys' fees and costs of litigation will not affect the finality of the Settlement, the entry of the dismissal order (beyond any modification of a standard dismissal order necessary to effectuate implementation of all other aspects of the Settlement during the pendency of any litigation regarding fees and costs) or the releases provided herein.  Class Counsel's request for attorneys' fees and costs of litigation may be considered separately from the Settlement.

31.    **Costs.**  Except as otherwise provided in this Settlement Agreement, each Party shall bear its own costs.

## VI.    MISCELLANEOUS PROVISIONS

32.    **CAFA Notice**.  WCF shall be responsible for serving the requisite CAFA Notice within ten (10) days after the filing of the motion to preliminarily approve the Settlement.

33.    **No Admission of Liability**.    This Settlement Agreement, whether or not approved, or whether or not a final judgment is entered, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by WCF, or of

the truth of any of the claims or allegations made in the Action. Neither this Settlement Agreement, nor any of its terms, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future action or proceeding of any type whatsoever to establish any liability or admission by WCF.

34.    **Amendments**.  This Settlement Agreement may be amended or modified only by a written instrument signed by Class Counsel and WCF or its attorneys.

35.    **Entire Agreement**.    This Settlement Agreement constitutes the entire agreement among the Parties with respect to the subject matter of this Settlement Agreement and supersedes all prior negotiations, communications, and agreements between the Parties.  No Party has entered into this Settlement Agreement in reliance upon any representations, warranties or inducements outside this Settlement Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

36.    **Extensions of Time.**  The Parties may request that the Court allow reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

37.    **The Representative Plaintiff's Authority**.    Class Counsel, on behalf of the Representative Plaintiff, is expressly authorized to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to this Settlement Agreement to effectuate its terms, and is also expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Settlement Class.

38.    **Counterparts and Facsimiles**.  This Settlement Agreement may be executed in one or more counterparts and facsimile signatures shall be deemed to operate as original signatures.  A full, executed copy of this Settlement Agreement, including all Exhibits shall be filed with the Court as an Exhibit to the motion for preliminary approval.

39.    **Binding Nature**.  This Settlement Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Parties.

40.    **Construing the Agreement**.  This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been drafted initially by counsel for one of the Parties.  It is acknowledged that all Parties have contributed substantially to the preparation of this Settlement Agreement.

41.    **Applicable Law**. All the terms of this Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of New York, exclusive of choice of law principles, and applicable federal law.

42.    **Headings**.  The captions and paragraph headings employed in this Settlement Agreement are for convenience only, are not part of the Settlement Agreement, and shall not be used in construing or interpreting the Agreement.

43.    **Jurisdiction**.  The Parties submit to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of implementing this Settlement Agreement and further consent and submit to the jurisdiction of this Court following the Effective Date over any disputes which later arise in connection with this Settlement Agreement or actions taken pursuant to the Settlement Agreement.

44.    **Notification**.  Any notice to be given to Class Counsel and/or Representative Plaintiff shall be sent by either first class mail, postage prepaid, or email as follows:

> Daniel A. Schlanger, Esq.
> Schlanger Law Group LLP
> 9 East 40th Street, Suite 1300
> New York, New York 10016
> dschlanger@consumerprotection.net

Any notice to be given to WCF under the terms of this Agreement shall be sent by either first class mail, postage prepaid, or email:

> E. Hutchinson Robbins, Jr., Esq.
> Miles & Stockbridge P.C.
> 100 Light Street
> Baltimore, Maryland 21202
> erobbins@milesstockbridge.com

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed by authorized individuals.

FOR REPRESENTATIVE PLAINTIFF:     DEFENDANT WEST CREEK FINANCIAL, INC.

By: /s/ Daniel A. Schlanger          By: _____
For Rawle Daisley                        Rob Finnegan, Chief Executive Officer

Date: 10/23/2018                     Date:  10/24/2018

SCHLANGER LAW GROUP LLP

By: /s/ Daniel A. Schlanger
Daniel A. Schlanger

Date: 10/23/2018

# EXHIBIT A

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAWLE DAISLEY, *on behalf of himself and all others similarly situated*,<br><br>    *Plaintiff,*<br><br>    v.<br><br>WEST CREEK FINANCIAL, INC.,<br><br>    *Defendant.* | Case No. 18-cv-03555(BMC) |

## [PROPOSED] PRELIMINARY ORDER APPROVING SETTLEMENT, DIRECTING NOTICE TO CLASS MEMBERS AND SCHEDULING FAIRNESS HEARING

THIS MATTER presented for hearing before the Honorable Brian M. Cogan, United States District Judge, in order for this Court to conduct a preliminary hearing to determine whether the proposed Settlement Agreement and Release of Claims dated October _____, 2018 ("Settlement Agreement") between Plaintiff Rawle Daisley ("Plaintiff") and West Creek Financial, Inc. (the "Defendant") is fair, reasonable and adequate, to provisionally certify the Settlement Class, to appoint Class Counsel and a Class Representative, and to schedule a Fairness Hearing;

**AND THE COURT,** having read and considered the Settlement Agreement and other papers submitted by counsel for the parties, having reviewed and considered Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the memorandum of law in support thereof and the declarations and exhibits attached thereto, oral arguments of counsel presented to the Court, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1.      The settlement before the Court is between Plaintiff, the Class Members in the class proposed to be certified for settlement purposes, and the Defendant.

2.      Defendant has denied any and all liability alleged in the Amended Complaint.

3.      As a result of arm's-length negotiations, Class Counsel and Defendant's Counsel reached a settlement on behalf of Plaintiff and Defendant that provides, among other relief, monetary relief to the Class Members.

4.      Plaintiff and Defendant now request preliminary approval of a Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3).

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

5.      The Motion for Preliminary Approval of the proposed settlement is GRANTED and Plaintiff and Defendant are hereby ordered to comply with the schedule as set forth in this Order.

6.      The Court has jurisdiction over the subject matter of this matter and over Plaintiff and Defendant in this action.

7.      Defendant has complied with the obligation to serve written notice of the proposed class settlement to the appropriate governmental representatives pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and the terms of the Settlement Agreement.

8.      Pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Class and Subclasses are preliminarily certified for purposes of final settlement:

Settlement Class:

> All consumers who transacted for merchandise in a transaction in which WCF is identified to be the Lessor/Owner pursuant to a Lease Agreement With Ownership Option or Rental-Purchase Agreement and in which the purchase occurred at a vendor's New York location prior to July 25, 2018.

Subclasses:

1.  **The Warranty Subclass**, which shall be defined as follows:

    All Settlement Class Members but for those involving purchases occurring from 7/19/2017 through 8/30/2017 or from 7/6/2018 through 7/24/2018. In addition, the Warranty Subclass excludes the class member who made his/her purchase on 7/5/2017 and with account number ending 297-1 and the class member who made his/her purchase on 7/18/17 with account number ending 726-1.

2.  **The Early Payment Option Subclass**, which shall be defined as follows:

    All Settlement Class Members

    (a) whose transaction occurred between 12/8/2016 through 7/18/2017 (as well as the class member whose transaction occurred on 9/18/2017 with account number ending 584-1); and

    (b) who -- in addition -- paid WCF more over the life of the lease (as of 9/26/18) than the maximum early purchase amount permissible on day 91 of the contract term, pursuant to New York's Personal Property Law § 504 under the formula and method of calculation Plaintiff alleges to be applicable, which is set forth in the Complaint at paragraphs 70-76.

9.  The following people who otherwise meet the Settlement Class and Subclass definitions are hereby excluded:

    (i) Any individual who now is, or ever has been, an officer of WCF as well as the spouses, parents, siblings and children of all such individuals; and

    (ii) Any Judge of the United States District Court for the Eastern District of New York, as well as his or her immediate family and staff.

10. The Court finds that, for the purpose of this Settlement (and without prejudice to any party in the event final approval is not granted), the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the

disputes in this litigation. Specifically, the Court finds that the Settlement Class satisfies the prerequisites for class certification under Rule 23 in that:

    a.    The members of the above defined class, numbering approximately 2,976, are so numerous that joinder of all members is impracticable.

    b.    There are questions of law and fact common to the Settlement Class.

    c.    The claims of the Class Representative (appointed below) are typical of the claims of the Settlement Class.

    d.    The Class Representative fairly and adequately represents the interests of the Settlement Class.  There are no conflicts of interest between the Class Representative and members of the Settlement Class.

    e.    Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the class.

    f.    Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

11.    The Court finds that the Settlement, on the terms and conditions set forth in the Settlement Agreement (previously filed as ECF Document _____, reattached here as **Exhibit 1**), is fundamentally fair, reasonable, adequate and is in the best interests of the Class Members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Class Members.

12.    Pursuant to Fed. R. Civ. P. 23(a)(4) (and without prejudice to any party in the event final approval is not granted), the Court finds that Plaintiff Rawle Daisley fairly and adequately represents and protects the interests of the Settlement Class and appoints him as Settlement Class Representative.

13.    Pursuant to Fed. R. Civ. P. 23(g) (and without prejudice to any party in the event final approval is not granted), the Court appoints Daniel A. Schlanger to serve as Settlement Class

Counsel.  Mr. Schlanger has investigated the claims, prosecuted the case, negotiated a fair and reasonable settlement, and has the experience, knowledge, and resources to represent the Settlement Class.

14.    The Settlement Agreement provides in part for the Defendant to (1) provide monetary relief to each Class Member who does not exclude himself or herself from the Settlement; (2) pay the costs of administering the settlement; (3) pay reasonable attorneys' fees, costs and expenses; and (4) pay an amount to the Class Representatives as service payment and for a release of his individual claims, as provided by the Settlement Agreement.

15.    The Court approves A.B. Data, Ltd. as the Settlement Administrator.  The Settlement Administrator shall be responsible for administering the Settlement according to the terms set forth in the Settlement Agreement and as Ordered herein.

16.    Pursuant to the procedures set forth in Paragraphs 14(a) through 14(d) of the Settlement Agreement, the Defendant provided Plaintiff with a partial class list and will provide a full class list along with a supporting affidavit regarding the methodology used to compile the list.  The Parties have agreed that 2,976 consumers disclosed in the verified class list are Class Members (inclusive of the Class Representative).

17.    The costs of administering the Settlement, including but not limited to, printing the Notice, updating the database and mailing the Notice and, thereafter, issuing and mailing the settlement checks shall be covered by the Defendant and paid by the Defendant pursuant to the terms of the Settlement Agreement.

18.    The Court finds that the first-class mailing of the proposed form of Settlement Class Notice attached hereto as **Exhibit 2** in the manner set forth herein and in the Settlement Agreement is the best notice practicable under the circumstances, consistent with due process of

law, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23.  The Court finds that mailing of class notice is the only notice required and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

19.    The Court finds that the Notice clearly states the procedures and deadlines for an individual to opt out of the class or to object to the Settlement.

20.    The Settlement Administrator shall cause the Notice to be mailed to all Class Members in accordance with the terms of the Settlement Agreement in substantially the same form as **Exhibit 2**, by no later than [___].

21.    By no later than sixty (60) days following the date of this Order, the Settlement Administrator shall provide to Class Counsel and counsel for Defendant one or more declarations attesting to compliance with the terms of this Order and the Settlement Agreement, including declarations stating that it properly mailed the Notice in accordance with the terms of this Order and as required by the Settlement Agreement and maintained a settlement website as provided for in the Settlement Agreement.

22.    The moving parties shall file the Settlement Administrator's declaration with the application for Final Approval.

23.    Objections not conforming to the requirements set forth in the Notice shall be stricken and shall not be considered or heard by this Court.  Requests for exclusion from the class not conforming to the requirements set forth in the Notice shall be deemed inadequate and shall not serve to exclude any individual from the class.

24.    Plaintiff seeks Class Counsel's fees and costs in the amount of $96,000.00, and Defendant does not oppose this request.

25.    A Fairness Hearing shall be held before this Court at _____, on

_____ [INSERT A DATE NOT SOONER THAN 110 DAYS AFTER ENTRY OF THIS

ORDER] in Courtroom [__] at the United States District Court, Eastern District of New York,

225 Cadman Plaza East, Brooklyn, New York 11201, on the proposed Settlement including: (a)

whether to grant final approval to the Settlement as fair, reasonable, and adequate and issue an

Order dismissing the Complaint with prejudice; (b) whether   Class Counsel's requested

attorneys' fees and costs are fair and reasonable and (c) whether to approve the service payment

to Plaintiff.  This hearing may be adjourned to a later date without further or prior notice by oral

announcement by the Court or by written order.

26.    Any Member of the Settlement Class may appear, in person or through counsel (at their

own expense), at the aforementioned Fairness Hearing and be heard in support of or in

opposition to the fairness, reasonableness and adequacy of the proposed Settlement, award of

counsel fees, reimbursement of costs and expenses, and Class Representative's service fee

provided, however, that no person shall be heard in opposition to the proposed Settlement or the

award, and no paper or brief submitted by such person shall be received or considered by the

Court unless such person has timely filed with the court a written objection and sent a copy to the

Settlement Administrator in the manner described in the Notice.

27.    In the event that the Settlement Agreement is not approved by the Court, or if approval

of the Settlement Agreement, including the entry of the Order for Preliminary Approval or the

Final Order and Judgment, is reversed or modified on appeal, or any one of the conditions

precedent set forth in the Settlement Agreement is not met, then the Order for Preliminary

Approval and the Final Order and Judgment, including, but not limited to, the conditional class

certification entered to effectuate this Agreement, and all findings of fact and conclusions of law

therein, shall be automatically dissolved *ab initio* without further order of the Court, and become

null and void and of no force and effect, and in such event all *status quo ante* rights of Defendant

to, among other things, (i) oppose any subsequent efforts by Plaintiff to certify this action as a

class action, and (ii) all other defenses, rights, and positions shall in all respects be unaffected

and preserved as shall those rights of Plaintiff and all Class Members.

**IT IS SO ORDERED.**

**Date:_____**

_____
**Hon. Brian Cogan**
**United States District Judge**

# EXHIBIT B

**This Notice Was Authorized by the United States District Court for the Eastern District of New York.   This is not a solicitation from a lawyer.  You are not being sued.**

# Notice of Proposed Class Action Settlement and Fairness Hearing You May Include Yourself in a Class Action Settlement and Receive a Settlement Payment

*Rawle Daisley v. West Creek Financial, Inc.*
United States District Court, Eastern District of New York
Case No.:  18-cv-03555-BMC

►     This is a Notice to inform you about a proposed settlement (the "Settlement") in a class action lawsuit brought against West Creek Financial, Inc. (the "Defendant") related to allegedly improper terms and disclosures in certain rent-to-own financial agreements.

►     <u>Unless you opt out</u>, you will be included as a Class Member and you will therefore be a party to the Settlement.

►     This Notice describes the Settlement and informs you of your rights.

►     Please carefully read the entire Notice.  If you take no action, you WILL be included in the Settlement and will receive its benefits, including a check for at least $113.57.

- If you do <u>not</u> wish to be included in the Settlement, you must follow the procedures stated in response to Question 10 below no later than [**XXXXXX**].

- If you wish to be included as a Class Member but to object to the terms of the Settlement, you must follow the procedures stated in response to Question 11 below no later than [**XXXXXX**].

- If you do nothing, you will automatically be included as a Class Member and will receive the benefits of the Settlement.

1

Basic Information ................................................................................ **PAGES 3-4**
    1.     What is this lawsuit about?
    2.     What is a class action and who is involved?
    3.     Why did I get this Notice?
    4.     Why is there a Settlement?

The Claims in the Lawsuit ................................................................. **PAGE 4**
    5.     What did the Plaintiffs ask for?
    6.     Who is representing the Class Members in this case?

The Terms of the Settlement .............................................................. **PAGES 4-5**
    7.     What is the Settlement?
    8.     What claims are released if I participate in the Settlement?

Your Rights and Options ..................................................................... **PAGES 5-7**
    9.     How do I participate in the Settlement?
    10.    What if I want to exclude myself from the Settlement?
    11.    What if I wish to object to the terms of the Settlement?
    12.    What is the difference between objecting to the Settlement and not
          including myself from the Class?
    13.    What will happen at the Fairness Hearing?
    14.    How will I know if the settlement is approved?

Additional Information ....................................................................... **PAGE 8**
    15.    How may I obtain more information about the case?
    16.    What if my address changes?

# Basic Information

## 1.  What is this lawsuit about?

This lawsuit concerns Plaintiff's allegations that Defendant West Creek Financial violated certain New York State consumer laws in rent-to-own transactions.  Specifically, Plaintiff alleges that West Creek Financial failed to make certain required disclosures regarding early purchase, warranty and other rights; did not provide required warranties; and, in some instances misstated consumers' rights and overcharged them. West Creek Financial denies all of these allegations.

Counsel for all parties have conducted an extensive investigation into the relevant facts  and  law underlying plaintiff's claim and have concluded that a settlement is in the best interest of all parties, including the Plaintiff and Settlement Class.

## 2.  What is a class action and who is involved?

In a class action lawsuit, a person called a "Class Representative" files a lawsuit on behalf of himself/herself and others who have similar claims. In this case, Mr. Daisley is the "Class Representative" or the "Plaintiff."  Together, the people with similar claims will, unless they opt out, be "Class Members" who will be bound by the Settlement.  Since each Class Member has the same or similar claims against the Defendant, one court action can resolve the issues for everyone in the Settlement Class.  In this case, the parties have identified 2,976 persons who will be sent this Notice and will be provided an opportunity to include themselves in the Settlement.

## 3.  Why did I get this Notice?

You received this Notice because available records show that you are one of the consumers who entered into a rent-to-own transaction with West Creek Financial including the form Contracts Plaintiff claims are unlawful.  As a result, unless you opt out, you will be included as a Class Member and be subject to the terms of the Settlement as described in response to Questions 7 and 8 below.

Specifically, individuals will be included as Class Members absent a specific request to the contrary if they meet the following definition:

> Settlement Class:  All consumers who transacted for merchandise in a transaction in which West Creek Financial is identified to be the Lessor/Owner pursuant to a Lease Agreement With Ownership Option or Rental-Purchase Agreement and in which the purchase occurred at a vendor's New York location prior to July 25, 2018

> The Settlement Class shall contains two subclasses, defined as follows:

> The Warranty Subclass:  All Settlement Class Members but for those involving purchases occurring from 7/19/2017 through 8/30/2017 or from 7/6/2018 through 7/24/2018.  In addition, the Warranty Subclass excludes the class member who made his/her purchase on 7/5/2017 and with account number ending 297-1 and the class member who made his/her purchase on 7/18/17 with account number ending 726-1

3

The Early Payment Option Subclass:   All Settlement Class Members: (a) whose transaction occurred between 12/8/2016 through 7/18/2017 (as well as a class member whose transaction occurred on 9/18/2017); and (b) who -- in addition -- paid WCF more over the life of the loan (as of 9/26/18) than the maximum early purchase amount permissible on day 91 of the contract term, pursuant to New York's Personal Property Law § 504 under the formula and method of calculation Plaintiff alleges to be applicable (which is set forth in the Complaint at paragraphs 70-76).

The following people who otherwise meet the Settlement Class and Subclass definitions are hereby excluded:

      (a) Any individual who now is, or ever has been, an officer of WCF as well as the spouses, parents, siblings and children of all such individuals; and

      (b) Any Judge of the United States District Court for the Eastern District of New York, as well as his or her immediate family and staff.

## 4.  Why is there a Settlement?

Both sides agreed to a settlement before going to trial in order to avoid the costs and uncertainties of litigation.  The Class Representative and counsel for the class ("Class Counsel") believe the Settlement is in the best interest of all Class Members.

# The Claims in the Lawsuit

## 5.  What did the Plaintiff ask for?

Plaintiff filed claims under the New York Personal Property Law ("NYPPL") § 500 *et seq.* and New York General Business Law § 349 and for rescission.  Plaintiff sought various types of damages, and a declaration that the Defendant violated the law; attorneys' fees and costs and a service award to the Named Plaintiff.

## 6.  Who is representing the Class Members in this case?

The Court appointed the following firms as "Class Counsel" to represent the Class:

Schlanger Law Group LLP
9 East 40th Street, Suite 1300
New York, NY 10016
(212) 500-6114


These attorneys are experienced in handling class actions.  You will not be charged for their services.  You may hire your own attorney to represent you in this matter.  If you want to be represented by your own lawyer, you will be responsible for paying his or her fees.

# The Terms of the Settlement

## 7.  What is the proposed settlement?

Each person who does not opt out of the Settlement will be releasing claims, as described in response to Question 8, in exchange for the following relief:

**A.      Mail You a Check**

If the Settlement becomes final, each of the 2,976 Class Members who do not opt out will receive a check for approximately $113.57. In addition to this amount, the Warranty Subclass, a subclass consisting of 2,665 consumers, will be paid an average of $63.90.

Further, in addition to the above, the Early Payment Option Subclass, a subclass of 364 consumers, will be paid an average of $251.87. These 364 consumers made payments exceeding the early purchase price according to the formula Plaintiff believes to be required under New York law with regard to calculating early purchase prices in rent-to-own transactions.

**B.      Pay the Cost of Administering the Settlement**

Defendant will pay all costs of administering the Settlement, including the fees and costs of the Settlement Administrator in sending out this Notice. If any checks remain uncashed, the remaining funds will be distributed to a non-profit organization that does work on behalf of consumers.

**C.      Pay Attorney's Fees and Costs**

Defendant has agreed to pay Class Counsel's reasonable attorneys' fees and expenses incurred in connection with this litigation, in the amount of $96,000, subject to Court approval. This payment will not reduce the benefits to each Class Member.

**D.      Pay an Incentive Award to the Class Representative**

Defendant will pay Mr. Daisley $9,000 in exchange for his release of individual claims and as a service payment in recognition of their efforts on behalf of the Class.

## 8.  What claims are released if I participate in the Settlement?

Class Members who do not opt out will not be able to sue, or continue to sue, the Defendant as part of any other lawsuit about the same legal claims that are the subject of this lawsuit.  If you join the Settlement Class, you will be legally bound by all of the Orders this Court issues and judgments this Court makes in the Settlement.

Under the Settlement Agreement, each Class Member who does not opt out will be bound by the following release of claims:

> Upon the Effective Date and without any further action by the Court or by any Party to this Settlement Agreement, Representative Plaintiff, on behalf of himself and all of his respective past, present and future predecessors, successors, assigns, devisees, relatives, heirs, legatees, and agents, and each of the Settlement Class Members, who do not opt-out of the Settlement, including their respective past, present and future predecessors, successors, assigns, devisees, relatives, heirs, legatees, insurers and agents, shall be deemed to, and shall in fact, have remised,

released and forever discharged any and all charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, pled in the Action or unpled in the Action, which Representative Plaintiff and those Settlement Class Members who do not opt-out now have, own or hold against West Creek Financial that arise out of a common factual predicate as the claims asserted in the Action, including but not limited to any such claim alleging violations of, or non-compliance with, New York or other relevant law which they, or any of them, had or has or may in the future have or claim to have against West Creek Financial and its past and present agents, directors, officers, employees, shareholders, members, managers, insurers, representatives, attorneys, vendors, independent contractors, predecessors, successors and assigns, parents and subsidiaries, divisions, and affiliates and each of their respective past and present agents, directors, officers, employees, shareholders, insurers, representatives, attorneys, vendors, independent contractors, predecessors, successors and assigns, parents and subsidiaries, divisions, and affiliates.

If you opt out of the Settlement, you will not release any claims.  However, there is no guarantee that anyone who opts out of the settlement will have any viable claims or receive any compensation.

# Your Rights and Options

## 9.  How do I participate in the Settlement?

You do not need to do anything to be included in the Settlement.  Inclusion is automatic and you will be included, and receive money, unless you specifically request to opt out as described in response to Question 10 below.

## 10. How do I opt out of the Class?

If you do <u>not</u> want to be included as a Class Member, you must submit a written request for exclusion.  The request for exclusion **must** (1) set forth your full named and current address and (2) specifically state your desire not to be included as a Class Member.

Your request for exclusion must be sent by First-Class U.S. Mail, postage paid, to the following address:  _____.   Your letter must be postmarked on or before [date not less than 60 days from the date of the Notice].

If you choose not to be included as a Class Member, you will not enjoy any of the benefits of the Settlement described in response to Question 7 above.  You also will not be permitted to object to the terms of the Settlement, as described in response to Questions 11 and 12 below.

Any person who falls within the definition of a Class Member stated in response to Question 4 above, but who does not submit a request for exclusion in complete accordance with these requirements, will be included as Class Member and shall be bound by the terms of the Settlement.

## 11.  What if I object to the terms of the Settlement?

Objecting is telling the Court that you do not approve of the Settlement or that you dislike the Settlement.  Any Class member who wishes to object to the Settlement must send a written objection ("Objection") to the Settlement Administrator by First-Class U.S. Mail, postage paid, to the following address _____.

An objection <u>must be postmarked no later than</u> [date no less than 60 days after date of the Notice].

The objection must set forth: (1) your full name, current address and telephone number; (2) a statement of the position you wish to assert in opposition to the Settlement, including any factual or legal grounds for the position; and (3) you must provide copies of all documents you wish to submit in support of your position.

**Any person who does not <u>strictly</u> comply with these procedures will not be permitted to object to the Settlement.**

Any objector may appear at the Fairness Hearing on _____ in person or through counsel, to show cause why the Settlement should not be approved as fair, adequate, or reasonable.

## 12.  What is the difference between objecting to the settlement and not joining the Settlement Class?

If you choose to opt out you are not a Class Member.  If you are not a Class Member, then you <u>cannot</u> object to the Settlement.  You may not object and then exclude yourself from the class. You may not exclude yourself from the class and then object.

## 13.  What will happen at the Fairness Hearing?

At the Fairness Hearing, presently scheduled for _____ on _____, 2018, Judge Cogan will hear arguments on whether the settlement is fair, reasonable, and adequate and whether it should be given final approval.  The Judge will also consider any objections, determine whether Class Counsel's requested attorneys' fees and expenses are reasonable, and whether payment of the Class Representative's service fee and enlarged statutory damages for the Class Representatives should be approved.  Unless you wish to object to the settlement, **you are not required to attend the Fairness Hearing**.  You are welcome to attend at your own expense. The Court may adjourn the Fairness Hearing without further written notice to Class Members.

## 14.  How will I know if the settlement is approved?

If the Court approves the settlement, the final approval order will be made available at this website: <u>www.XXXXXX</u>    You may also contact Class Counsel.

# Additional Information

## 15.  How may I obtain more information about the case?

**Do not contact the judge or the Clerk of Court for legal questions or advice.**  You may obtain copies of the complaint and other documents filed in this lawsuit from the Clerk of the Court,

United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, during regular business hours. You will need to provide the name of the lawsuit and the case number: *Daisley v. West Creek Financial, Inc.*, Case No. **18-cv-03555-BMC.** You can also obtain documents filed with the Court in this case through the website www.pacer.gov, which requires registration and charges a small fee. You may also contact Class Counsel at the addresses listed in the answer to Question 6 above.

## 16. What if my address changes?

If your address has changed, or changes in the future, you should send your new address and telephone number to _____, the company selected to mail Notices and settlement checks to the Settlement Class members, at this address:[__]


THIS NOTICE WAS APPROVED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK.

/s/_____

8

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAWLE DAISLEY, *on behalf of himself and all others similarly situated*, <br><br> *Plaintiff,* <br><br> v. <br><br> WEST CREEK FINANCIAL, INC., <br><br> *Defendant.* | Case No. 18-cv-03555(BMC) |

**FINAL ORDER AND JUDGMENT**

This matter comes before the Court on the request of Plaintiff RAWLE DAISLEY and a class of persons similarly situated who have not opted out of the class (collectively, "Class Members"), without opposition from Defendant, for final approval of the Settlement Agreement dated October __, 2018 (the "Settlement Agreement").

The Fairness Hearing having been held before the Court on the ___ day of _____, and due deliberation having been had thereon, and the Court, having read and considered (i) the Settlement Agreement and all the papers attached thereto filed by Class Counsel, (ii) the Memorandum and the declarations submitted in support of the application for entry of this Final Order and Judgment, (iii) the oral arguments of counsel presented to the Court, if any, and (iv) all papers filed and proceedings had herein; and for good cause appearing, the Court finds the following:

1. On _____, 2018, the Court preliminarily approved the Settlement, certified this case as a class action for settlement purposes, appointed a Settlement Administrator, approved Plaintiff as Settlement Class Representative, and Plaintiff's attorneys as Class Counsel.

The defendant to this action was West Creek Financial, Inc. ("Defendant"). As set forth in the Preliminary Approval Order, pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Class and Subclasses were preliminarily certified for purposes of final settlement:

> Settlement Class:
>
>> All consumers who transacted for merchandise in a transaction in which WCF is identified to be the Lessor/Owner pursuant to a Lease Agreement With Ownership Option or Rental-Purchase Agreement and in which the purchase occurred at a vendor's New York location prior to July 25, 2018.
>
> Subclasses:
>
>> 1.    **The Warranty Subclass**, which shall be defined as follows:
>>
>>> All Settlement Class Members but for those involving purchases occurring from 7/19/2017 through 8/30/2017 or from 7/6/2018 through 7/24/2018. In addition, the Warranty Subclass excludes the class member who made his/her purchase on 7/5/2017 and with account number ending 297-1 and the class member who made his/her purchase on 7/18/17 with account number ending 726-1.
>>
>> 2.    **The Early Payment Option Subclass**, which shall be defined as follows:
>>
>>> All Settlement Class Members
>>>
>>> (a)    whose transaction occurred between 12/8/2016 through 7/18/2017 (as well as the class member whose transaction occurred on 9/18/2017 with account number ending 584-1); and
>>>
>>> (b)    who -- in addition -- paid WCF more over the life of the lease (as of 9/26/18) than the maximum early purchase amount permissible on day 91 of the contract term, pursuant to New York's Personal Property Law § 504 under the formula and method of calculation Plaintiff alleges to be applicable, which is set forth in the Complaint at paragraphs 70-76.

The following people who otherwise met the Settlement Class and Subclass definitions were excluded:

(i)     Any individual who now is, or ever has been, an officer of WCF as well as the spouses, parents, siblings and children of all such individuals; and

(ii)    Any Judge of the United States District Court for the Eastern District of New York, as well as his or her immediate family and staff.

2.     In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Counsel for West Creek Financial, Inc. served notices of the proposed settlement on the appropriate federal and state officials.

3.     Pursuant to the Preliminary Approval Order dated _____ (Dkt. No. __), Notice was mailed to approximately _____ persons falling within the description of the Class in paragraph 1 above.  Class Counsel and the Settlement Administrator have reported that _____ of the persons who received the notice chose to opt out of the class, leaving ___ Class Members who are parties to this Settlement.

4.     Plaintiff now requests, and Defendant does not oppose, final approval of the Settlement.

5.     The Court has read and considered the Settlement Agreement, the Motion and Declarations submitted in support thereof, the accompanying documents, and the record.

It is HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     <u>Granting of Motion for Final Approval</u>.  The Parties' Joint Motion for Final Approval of the proposed settlement is GRANTED and the Parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Order.

2.      Objections.    The Court has considered the objections to approval of the Settlement Agreement and finds it to be without merit.  The objections are therefore overruled. [OR "There were no objections timely or otherwise to the Settlement Agreement."]

3.      Notice.  The Court finds that the distribution of the Notice and posting of an explanatory website, as provided for in the Preliminary Approval Order, accurately informed all Persons within the definition of the Class of the material elements of the Settlement; fully complied with the Preliminary Approval Order; constituted the best notice practicable under the circumstances to all Persons within the definition of the Class; constituted valid, due and sufficient notice; and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

4.      Final Approval.  The Court finds that the Settlement is fair, reasonable, and adequate and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, and accordingly, the Court provides final approval of the Settlement and directs that the Parties implement it, as follows:

A.      The parties are directed to implement the settlement in accordance with its terms.

B.      There being 2,976 Class Members as of the date of this Order, pursuant to the Agreement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties, not including the claims of those persons opted out of the Settlement.

5.      Costs.  The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

6.      <u>Settlement Amount to Plaintiff</u>.  For their efforts on behalf of the Class and to settle his individual claim, the named Plaintiff, Rawle Daisley, is awarded $9,000 in accordance with the Settlement Agreement.  Defendant will pay the amount in the manner and time set forth in the Settlement Agreement.

7.      <u>Settlement Payment</u>.  Pursuant to the Settlement Agreement, Defendant is to pay each member of the Settlement Class who did not opt out of the Settlement in the amount, manner, and time set forth in the Settlement Agreement.

8.      <u>Settlement Funds</u>.  The funds in the Settlement Fund remaining after the expiration date of the last mailed settlement check shall be distributed to *cy pres* recipient, _____.

9.      <u>Attorneys' Fees</u>.  The Court, having reviewed Class Counsel's contemporaneous time records, disbursement records and supporting Declarations filed on _____, and having considered the fact that Defendant does not oppose these fees and costs and that the parties' agreement with regard to fees and costs was reached only after the monetary award for each Class Member was finalized and agreed upon, hereby approves attorneys' fees and costs in the amount of $96,000.

10.      <u>Release and Discharge</u>. Upon entry of this Order and final approval of the Settlement, Plaintiff and each member of the Settlement Class will release claims as set forth in the Settlement Agreement.

11.      <u>Defendant's Denial of Liability</u>.  The Court notes that Defendant denies any liability to Plaintiff or to any Class Member for any matter whatsoever.  Neither the Final Judgment nor Settlement Agreement shall constitute an admission of liability by Defendant of any liability or wrongdoing.

12.    <u>Dismissal of Complaint</u>.    Subject to the reservation of jurisdiction for matters discussed herein, the Complaint is hereby dismissed with prejudice.

13.    <u>Jurisdiction</u>. The Court shall retain exclusive and continuing jurisdiction of the Action and all Parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement, including among other things: (i) supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement, the Preliminary Approval Order, and the Final Judgment; (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

14.    <u>Entry of Judgment</u>.    In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds there is no just reason to delay entry of this Judgment and the Clerk of the Court is ordered to enter Final Judgment forthwith.

So Ordered this ___ day of_____, 2018.

<br>

_____
HON. BRIAN M. COGAN,
UNITED STATES DISTRICT JUDGE