**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAWLE DAISLEY, *on behalf of himself and all others similarly situated*,<br><br>                 *Plaintiff*,<br><br>    v.<br><br>WEST CREEK FINANCIAL, INC.,<br><br>                 *Defendant*. | Case No. 18-cv-03555(BMC) |

## ~~[PROPOSED]~~ PRELIMINARY ORDER APPROVING SETTLEMENT, DIRECTING NOTICE TO CLASS MEMBERS AND SCHEDULING FAIRNESS HEARING

THIS MATTER presented for hearing before the Honorable Brian M. Cogan, United States District Judge, in order for this Court to conduct a preliminary hearing to determine whether the proposed Settlement Agreement and Release of Claims dated October __24__, 2018 ("Settlement Agreement") between Plaintiff Rawle Daisley ("Plaintiff") and West Creek Financial, Inc. (the "Defendant") is fair, reasonable and adequate, to provisionally certify the Settlement Class, to appoint Class Counsel and a Class Representative, and to schedule a Fairness Hearing;

**AND THE COURT,** having read and considered the Settlement Agreement and other papers submitted by counsel for the parties, having reviewed and considered Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the memorandum of law in support thereof and the declarations and exhibits attached thereto, oral arguments of counsel presented to the Court, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1.     The settlement before the Court is between Plaintiff, the Class Members in the class proposed to be certified for settlement purposes, and the Defendant.

2.     Defendant has denied any and all liability alleged in the Amended Complaint.

3.     As a result of arm's-length negotiations, Class Counsel and Defendant's Counsel reached a settlement on behalf of Plaintiff and Defendant that provides, among other relief, monetary relief to the Class Members.

4.     Plaintiff and Defendant now request preliminary approval of a Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3).

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

5.     The Motion for Preliminary Approval of the proposed settlement is GRANTED and Plaintiff and Defendant are hereby ordered to comply with the schedule as set forth in this Order.

6.     The Court has jurisdiction over the subject matter of this matter and over Plaintiff and Defendant in this action.

7.     Defendant has complied with the obligation to serve written notice of the proposed class settlement to the appropriate governmental representatives pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715,  and the terms of the Settlement Agreement.

8.     Pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Class and Subclasses are preliminarily certified for purposes of final settlement:

Settlement Class:

> All consumers who transacted for merchandise in a transaction in which WCF is identified to be the Lessor/Owner pursuant to a Lease Agreement With Ownership Option or Rental-Purchase Agreement and in which the purchase occurred at a vendor's New York location prior to July 25, 2018.

Subclasses:

1.     **The Warranty Subclass**, which shall be defined as follows:

All Settlement Class Members but for those involving purchases occurring from 7/19/2017 through 8/30/2017 or from 7/6/2018 through 7/24/2018. In addition, the Warranty Subclass excludes the class member who made his/her purchase on 7/5/2017 and with account number ending 297-1 and the class member who made his/her purchase on 7/18/17 with account number ending 726-1.

2.     **The Early Payment Option Subclass**, which shall be defined as follows:

All Settlement Class Members

(a) whose transaction occurred between 12/8/2016 through 7/18/2017 (as well as the class member whose transaction occurred on 9/18/2017 with account number ending 584-1); and

(b) who -- in addition -- paid WCF more over the life of the lease (as of 9/26/18) than the maximum early purchase amount permissible on day 91 of the contract term, pursuant to New York's Personal Property Law § 504 under the formula and method of calculation Plaintiff alleges to be applicable, which is set forth in the Complaint at paragraphs 70-76.

9.   The following people who otherwise meet the Settlement Class and Subclass definitions are hereby excluded:

(i)     Any individual who now is, or ever has been, an officer of WCF as well as the spouses, parents, siblings and children of all such individuals; and

(ii)     Any Judge of the United States District Court for the Eastern District of New York, as well as his or her immediate family and staff.

10.     The Court finds that, for the purpose of this Settlement (and without prejudice to any party in the event final approval is not granted), the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the

disputes in this litigation. Specifically, the Court finds that the Settlement Class satisfies the prerequisites for class certification under Rule 23 in that:

    a.    The members of the above defined class, numbering approximately 2,976, are so numerous that joinder of all members is impracticable.

    b.    There are questions of law and fact common to the Settlement Class.

    c.    The claims of the Class Representative (appointed below) are typical of the claims of the Settlement Class.

    d.    The Class Representative fairly and adequately represents the interests of the Settlement Class. There are no conflicts of interest between the Class Representative and members of the Settlement Class.

    e.    Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the class.

    f.    Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

11.    The Court finds that the Settlement, on the terms and conditions set forth in the Settlement Agreement (previously filed as ECF Document 30 Ex.1 reattached here as **Exhibit 1**), is fundamentally fair, reasonable, adequate and is in the best interests of the Class Members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Class Members.

12.    Pursuant to Fed. R. Civ. P. 23(a)(4) (and without prejudice to any party in the event final approval is not granted), the Court finds that Plaintiff Rawle Daisley fairly and adequately represents and protects the interests of the Settlement Class and appoints him as Settlement Class Representative.

13.    Pursuant to Fed. R. Civ. P. 23(g) (and without prejudice to any party in the event final approval is not granted), the Court appoints Daniel A. Schlanger to serve as Settlement Class

Counsel.  Mr. Schlanger has investigated the claims, prosecuted the case, negotiated a fair and reasonable settlement, and has the experience, knowledge, and resources to represent the Settlement Class.

14.    The Settlement Agreement provides in part for the Defendant to (1) provide monetary relief to each Class Member who does not exclude himself or herself from the Settlement; (2) pay the costs of administering the settlement; (3) pay reasonable attorneys' fees, costs and expenses; and (4) pay an amount to the Class Representatives as service payment and for a release of his individual claims, as provided by the Settlement Agreement.

15.    The Court approves A.B. Data, Ltd. as the Settlement Administrator.  The Settlement Administrator shall be responsible for administering the Settlement according to the terms set forth in the Settlement Agreement and as Ordered herein.

16.    Pursuant to the procedures set forth in Paragraphs 14(a) through 14(d) of the Settlement Agreement, the Defendant provided Plaintiff with a partial class list and will provide a full class list along with a supporting affidavit regarding the methodology used to compile the list.  The Parties have agreed that 2,976 consumers disclosed in the verified class list are Class Members (inclusive of the Class Representative).

17.    The costs of administering the Settlement, including but not limited to, printing the Notice, updating the database and mailing the Notice and, thereafter, issuing and mailing the settlement checks shall be covered by the Defendant and paid by the Defendant pursuant to the terms of the Settlement Agreement.

18.    The Court finds that the first-class mailing of the proposed form of Settlement Class Notice attached hereto as **Exhibit** B in the manner set forth herein and in the Settlement Agreement is the best notice practicable under the circumstances, consistent with due process of

law, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23. The Court finds that mailing of class notice is the only notice required and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

19.     The Court finds that the Notice clearly states the procedures and deadlines for an individual to opt out of the class or to object to the Settlement.

20.     The Settlement Administrator shall cause the Notice to be mailed to all Class Members in accordance with the terms of the Settlement Agreement in substantially the same form as

12/24/2018

**Exhibit 2**, by no later than [___].

21.     By no later than sixty (60) days following the date of this Order, the Settlement Administrator shall provide to Class Counsel and counsel for Defendant one or more declarations attesting to compliance with the terms of this Order and the Settlement Agreement, including declarations stating that it properly mailed the Notice in accordance with the terms of this Order and as required by the Settlement Agreement and maintained a settlement website as provided for in the Settlement Agreement.

22.     The moving parties shall file the Settlement Administrator's declaration with the application for Final Approval.

23.     Objections not conforming to the requirements set forth in the Notice shall be stricken and shall not be considered or heard by this Court. Requests for exclusion from the class not conforming to the requirements set forth in the Notice shall be deemed inadequate and shall not serve to exclude any individual from the class.

24.     Plaintiff seeks Class Counsel's fees and costs in the amount of $96,000.00, and Defendant does not oppose this request.

25.    A Fairness Hearing shall be held before this Court at _____10:00 AM_____, on 2/22/2018 ~~[INSERT A DATE NOT SOONER THAN 110 DAYS AFTER ENTRY OF THIS~~ 8DS ~~ORDER]~~ in Courtroom [__] at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, on the proposed Settlement including: (a) whether to grant final approval to the Settlement as fair, reasonable, and adequate and issue an Order dismissing the Complaint with prejudice; (b) whether  Class Counsel's requested attorneys' fees and costs are fair and reasonable and (c) whether to approve the service payment to Plaintiff.  This hearing may be adjourned to a later date without further or prior notice by oral announcement by the Court or by written order.

26.    Any Member of the Settlement Class may appear, in person or through counsel (at their own expense), at the aforementioned Fairness Hearing and be heard in support of or in opposition to the fairness, reasonableness and adequacy of the proposed Settlement, award of counsel fees, reimbursement of costs and expenses, and Class Representative's service fee provided, however, that no person shall be heard in opposition to the proposed Settlement or the award, and no paper or brief submitted by such person shall be received or considered by the Court unless such person has timely filed with the court a written objection and sent a copy to the Settlement Administrator in the manner described in the Notice.

27.    In the event that the Settlement Agreement is not approved by the Court, or if approval of the Settlement Agreement, including the entry of the Order for Preliminary Approval or the Final Order and Judgment, is reversed or modified on appeal, or any one of the conditions precedent set forth in the Settlement Agreement is not met, then the Order for Preliminary Approval and the Final Order and Judgment, including, but not limited to, the conditional class certification entered to effectuate this Agreement, and all findings of fact and conclusions of law

therein, shall be automatically dissolved *ab initio* without further order of the Court, and become null and void and of no force and effect, and in such event all *status quo ante* rights of Defendant to, among other things, (i) oppose any subsequent efforts by Plaintiff to certify this action as a class action, and (ii) all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiff and all Class Members.

**IT IS SO ORDERED.**

**Date:** Oct. 25, 2018

_____

**Hon. Brian Cogan**
**United States District Judge**

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **RAWLE DAISLEY,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 1:18-cv-03555-BMC** |
| **WEST CREEK FINANCIAL, INC.,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>CLASS SETTLEMENT AGREEMENT</u>

This Settlement Agreement is entered into by Plaintiff Rawle Daisley ("Representative Plaintiff"), acting individually and on behalf of the Settlement Class defined below, and Defendant West Creek Financial, Inc. ("WCF"). This Settlement Agreement is subject to preliminary and final approval by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## I. RECITALS

1.      On June 19, 2018, Representative Plaintiff filed a putative class action Complaint in the United States District Court for the Eastern District of New York, alleging that WCF violated the New York Personal Property Law §§ 500, *et seq.*, and the New York General Business Law § 349, with respect to the content of his Lease Agreement with WCF. The Complaint also alleges a claim for rescission of the Lease Agreement.

2.      Plaintiff filed a First Amended Complaint as a matter of course on the same day that the original Complaint was filed.

3. Consistent with the Case Management Orders of the Court (Cogan, J.), WCF filed a letter motion on July 26, 2018, requesting the Court's permission to file a Motion to Compel Arbitration and to Stay Case (Doc. 18).

4. Representative Plaintiff submitted a letter stating his opposition to WCF's intended Motion (Doc. 20).

5. The Court conducted an in-person Initial Status Conference and Pre-Motion Conference on August 14, 2018. At that Conference and in a subsequent Order, the Court set forth a schedule for discovery relating to the issue of arbitrability of Representative Plaintiff's claims.

6. While the Parties began discovery on the issue of arbitrability, the Parties also engaged in discussions related to the settlement of Representative Plaintiff's claims on a class basis.

7. Following a series of arms' length negotiations, the Parties reached a tentative class settlement in principle, and, on September 12, 2018, Representative Plaintiff filed with the Court a Notice of Settlement-in-Principle (Doc. 26).

8. WCF has entered into this Agreement to resolve any and all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the burden, risk and expense of further litigation. WCF does not in any way acknowledge, admit to or concede any of the allegations made in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint, and maintains that it has a number of meritorious defenses to the claims. Nevertheless, WCF recognizes the risks and uncertainties inherent in litigation, the significant expense associated with defending class actions, the costs of any appeal, and the

disruption to its business operations arising out of this litigation. It also recognizes the danger which a successful trial on class-wide claims might present to it. Accordingly, WCF believes that settlement is in its best interests. Nothing contained in this Agreement shall be used or construed as an admission of liability. This Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature other than to enforce the terms of this Agreement.

9. Representative Plaintiff has entered into this Agreement to liquidate and recover on the class claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Representative Plaintiff does not in any way concede the claims alleged in the Complaint lack merit or are subject to any defenses.

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into and are an integral part of this Agreement, and in consideration of the mutual promises below, the Parties agree that the Action and all claims of the Representative Plaintiff and the proposed Settlement Class are settled, compromised, and dismissed on the merits and with prejudice as to WCF, subject to Court approval as required by Rule 23 of the Federal Rules of Civil Procedure, on the following terms and conditions:

## II. TERMS OF THE SETTLEMENT

10. **Definitions**: As used in this Agreement, the following terms have the following meanings:

(a) "Action" means and refers to the action styled *Rawle Daisley v. West Creek Financial, Inc.,* Civil Action No. 1:18-cv-3555-BMC (E.D.N.Y.).

(b) "Class Counsel" or "Plaintiff's Counsel" means Daniel Schlanger, Esq. of Schlanger Law Group, LLP.

(c) "Class Member List" means the list of individuals who are within the Settlement Class, as defined below and not otherwise excluded, that is to be compiled by WCF and provided to Class Counsel and the Settlement Administrator.

(d)     "Complaint" refers to the First Amended Complaint filed in the Action.

(e)     "Court" means the United States District Court for the Eastern District of New York.

(f)     "Effective Date" means the earliest of (i) the date of Final Approval, if no Class Member objects to or intervenes in the Settlement; (ii) thirty (30) days after the date of Final Approval, if a Class Member objects to the Settlement but no appeal by a Class Member is filed; (iii) the date of the final affirmance on appeal, if a Class Member objects to the Settlement and an appeal is filed; or (iv) the final dismissal of any appeal.

(g)     "Final Approval" means the order approving the Settlement and certifying the Settlement Class as final.

(h)     "Fairness Hearing" refers to the hearing at which the Court shall:

(i) determine whether to grant final approval to this Settlement;

(ii) consider any timely objections to this Settlement and all responses thereto; and

(iii) consider requests for an incentive award to the Representative Plaintiff, award of attorneys' fees and expenses.

(i)     "Notice of Proposed Class Action Settlement" means the notice to Settlement Class Members approved by the Court in the Preliminary Order.

(j)     "Parties" means the Representative Plaintiff and WCF.

(k)  "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and any business or legal entity and their spouses, former spouses, heirs, executors, administrators, predecessors, successors, representatives, agents, partners, and assignees.

(l)  "Preliminary Approval Date" means the date the Court enters the Preliminary Order approving the Settlement.

(m)  "Preliminary Order" means that certain order entered by the Court, preliminarily approving the Settlement, provisionally certifying the Settlement Class, and approving notice to Settlement Class Members.

(n)  "Released Claims" means and includes any and all charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, pled in the Action or unpled in the Action, which Representative Plaintiff and those Settlement Class Members who do not opt-out now have, own or hold against WCF that arise out of a common factual predicate as the claims asserted in the Action, including but not limited to any such claim alleging violations of, or non-compliance with, New York or other relevant law. The intent of the parties is that the Released Claims shall cover and apply to all charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action that may be permissibly released pursuant to the Second Circuit's holding in Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 106-108 (2d Cir. 2005).

(o)     "Released Persons" means WCF and its past and present agents, directors, officers, employees, shareholders, members, managers, insurers, representatives, attorneys, vendors, independent contractors, predecessors, successors and assigns, parents and subsidiaries, divisions, and affiliates and each of their respective past and present agents, directors, officers, employees, shareholders, insurers, representatives, attorneys, vendors, independent contractors, predecessors, successors and assigns, parents and subsidiaries, divisions, and affiliates.

(p)     "Representative Plaintiff" refers to Rawle Daisley.

(q)     "Settlement" refers to the settlement, release, and final dismissal of claims contemplated by this Settlement Agreement.

(r)     "Settlement Administrator" means A.B. Data, Ltd.

(s)     "Settlement Class", "Class" and "Settlement Class Members" means only those persons included within the Settlement Class as defined below and who are not otherwise excluded.

(t)     "Settlement Fund" means the sum referred to in Paragraph 15(a) which is being paid by WCF to settle this Action.

(u)     "WCF" means West Creek Financial, Inc.

11.     **Conditional Class Certification**.  For purposes of this Settlement only and its implementation, the Parties hereby stipulate and agree that this Action may be certified as a class action under Fed. R. Civ. P. 23(b)(3) in accordance with the terms of this Settlement Agreement. This stipulation and agreement is without prejudice to WCF's right to contest class certification and/or to move to compel arbitration in the event this Settlement Agreement is not fully implemented in accordance with its terms.  If this Settlement Agreement is not approved or otherwise fails to be fully implemented, WCF reserves all of its rights to object to any

subsequent motion to certify a class in this Action and no representation or concession made in connection with the Settlement or in this Settlement Agreement shall be considered law of the case or an admission by WCF or give rise to any form of estoppel or waiver by WCF in this Action or any other proceeding. WCF does not agree to certification of the Settlement Class for any purpose other than to effectuate this Settlement Agreement. If this Settlement Agreement is approved, no representation or concession made in connection with the Settlement or in this Settlement Agreement shall be considered to have *res judicata* or collateral estoppel effect against WCF or to be an admission by WCF or to give rise to any form of estoppel or waiver by WCF in any other proceeding.

12. **Settlement Class.**

*A. The Settlement Class:*

The Parties hereby stipulate and agree that the Settlement Class shall be defined as follows:

> All consumers who transacted for merchandise in a transaction in which WCF is identified to be the Lessor/Owner pursuant to a Lease Agreement With Ownership Option or Rental-Purchase Agreement and in which the purchase occurred at a vendor's New York location prior to July 25, 2018.

*B. The Settlement SubClasses:*

The Parties hereby stipulate and agree that the Settlement Class shall contain two subclasses:

> 1. **The Warranty Subclass**, which shall be defined as follows:
>
> All Settlement Class Members but for those involving purchases occurring from 7/19/2017 through 8/30/2017 or from 7/6/2018 through 7/24/2018. In addition, the Warranty Subclass excludes the class

member who made his/her purchase on 7/5/2017 and with account number ending 297-1 and the class member who made his/her purchase on 7/18/17 with account number ending 726-1.

2. **The Early Payment Option Subclass**, which shall be defined as follows:

All Settlement Class Members

(a) whose transaction occurred between 12/8/2016 through 7/18/2017 (as well as the class member whose transaction occurred on 9/18/2017 with account number ending 584-1); and

(b) who -- in addition -- paid WCF more over the life of the lease (as of 9/26/18) than the maximum early purchase amount permissible on day 91 of the contract term, pursuant to New York's Personal Property Law § 504 under the formula and method of calculation Plaintiff alleges to be applicable, which is set forth in the Complaint at paragraphs 70-76.

*C. Exclusions:*

Excluded from the Settlement Class and all subclasses are: (i) Any individual who now is, or ever has been, an officer of WCF as well as the spouses, parents, siblings and children of all such individuals; (ii) Any Judge of the United States District Court for the Eastern District of New York, as well as his or her immediate family and staff.

13. **Class Counsel**.   The Parties agree that Daniel A. Schlanger, Esq. of Schlanger Law Group LLP shall be appointed Class Counsel, without prejudice to WCF's right to contest the appointment as Class Counsel in the event that this Settlement Agreement is not fully

implemented in accordance with its terms. If this Agreement is not approved or otherwise fails to be fully implemented, WCF reserves all of its rights to object to any subsequent motion to appoint Class Counsel in this Action.

14. **Class Member List**.

    (a) The Settlement Class comprises of two thousand nine hundred and seventy-six (2,976) individual consumers who meet the Settlement Class definition set forth in paragraph 12 above, including 2,665 settlement class members who are also members of the Warranty Subclass and 364 settlement class members who are, in addition to being members of the Warranty Subclass, also members of the Early Payment Option Subclass. (There are no Settlement Class Members who are members of the Early Payment Option Subclass who are not also members of the Warranty Subclass.)

    (b) Within fourteen (14) days after the Preliminary Approval Date, WCF will provide Class Counsel and the Settlement Administrator with a Class Member List in readable electronic form. For each Settlement Class Member, WCF will provide the: (i) account number; (ii) date of agreement; (iii) the name of the consumer; (iv) the consumer's last known address; and (v) the original principal amount of the Lease Agreement.

    (c) Together with the Class List, WCF will provide Class Counsel with a sworn affidavit generally describing the methodology and the work done to compile the Class List.

(d) In connection with negotiation of this Settlement, Plaintiff's counsel has examined a partial version of the Class List. Notwithstanding this fact, Plaintiff reserves the right to (and shall) review the final version of the Class List and the affidavit referenced above within 14 days of its provision by counsel for WCF. To the extent Plaintiff's counsel has concerns, the Parties shall meet and confer. To the extent the Parties' meet and confer does not resolve any differences with regard to the Class List, the parties shall submit their dispute to the Court for a determination.

(e) Representative Plaintiff, Class Counsel, and the Settlement Administrator agree and acknowledge that the Class Member List contains certain confidential information and that the account information identified in the Class Member List constitutes confidential material. Therefore, Representative Plaintiff, Class Counsel, and the Settlement Administrator agree to treat the Class Member List as confidential and to use the Class Member List and the information contained therein solely for the purpose of providing the settlement benefits offered by this Settlement Agreement to Settlement Class Members and otherwise implementing the terms of this Settlement Agreement (including, if applicable, responding to any objections) and for no other purpose whatsoever. Except to the extent authorized by this Settlement Agreement, Representative Plaintiff, Class Counsel, and the Settlement Administrator further agree not to disclose the Class Member List or any of the information contained in the Class Member List to Settlement Class Members or any third party, except

pursuant to a valid subpoena. Class Counsel and the Settlement Administrator may, however, disclose to any individual Settlement Class Member information related to that Settlement Class Member's account contained on the Class Member List, and may disclose to any consumer who is not a Class Member and who inquires, that he or she is not on the Class List. Notwithstanding any contrary language contained in this Settlement Agreement, the provisions of this paragraph shall survive any termination or modification of this Settlement Agreement and shall continue to be binding regardless of whether or not the Settlement is fully implemented.

15.     **Class Relief.**

(a)     **Creation of Settlement Fund**: Subject to the approval and further order of the Court, WCF shall pay the sum of Five Hundred Ninety-Nine Thousand, Nine Hundred Seventy-Five Dollars and Forty-Two Cents ($599,975.42) (the "Settlement Fund") for the benefit of the Settlement Class.

(i)     **Deposit of Settlement Fund**. WCF shall transfer the Settlement Fund to the Settlement Administrator to be held in an interest bearing escrow account within fifteen (15) days after Final Approval. In the event the Settlement is not approved by the Court, this Agreement is terminated by either party as provided in Paragraph 28 of this Agreement or the Settlement is not fully implemented for any reason (other than any failure or refusal of WCF to abide by and implement in good faith its terms without legal justification, as determined by the Court) and WCF already transferred the Settlement Fund to the Settlement Administrator, the Settlement Fund (including accrued interest, if any), less expenses actually incurred by the

Settlement Administrator or due and owing to the Settlement Administrator in connection with the Settlement, shall be refunded to WCF within two (2) business days.

        (ii)    **Distribution of Settlement Fund**.  The Settlement Fund shall be distributed as follows:

        a. Members of the Settlement Class shall each receive a *pro rata* share of $338,000.

        b. Members of the Warranty Subclass shall, in addition to amounts paid pursuant to paragraph 15(a)(ii)(a) above, each receive a share of $170,295 calculated in proportion to the purchase price of the goods leased by WCF in that Warranty Subclass member's transaction.  Class Counsel shall provide WCF with the amount to be paid to each such subclass member pursuant to this paragraph 15(a)(ii)(b).

        c. Members of the Early Payment Option Subclass shall, in addition to amounts paid pursuant to paragraph 15(a)(ii)(a) and (b) above, each receive a share of $91,680.42 calculated in proportion to the amount of each Early Payment Option Subclass member's payment above the maximum early purchase amount permissible on day 91 of the contract term, pursuant to New York's Personal Property Law § 504 under the formula and method of calculation Plaintiff alleges to be applicable, which is set forth in the Complaint at paragraphs 70-76.  Class Counsel shall provide WCF

with the amount to be paid to each such subclass member pursuant to this paragraph 15(a)(ii)(c).

(iii) **Method of Distribution**. Payment to each member of the Settlement Class shall be in the form of a check drawn on an account maintained by the Settlement Administrator in which the Settlement Fund is deposited, which shall be made payable to "[Name of Class Member(s)]" within thirty (30) days after the Effective Date.

(iv) **Negotiation of Checks**. Each check issued pursuant to this Settlement Agreement shall be void if not negotiated within ninety (90) days after its date of issue, and shall contain a legend to such effect. Checks that are not negotiated within ninety (90) days after their date of issue shall not be reissued.

(v) **Unclaimed Checks**. All payments that are unclaimed by Settlement Class Members, including all returned checks and all checks not cashed within ninety (90) days after the date of issue, shall revert to the Settlement Fund.

(b) **Nonmonetary Relief**. WCF represents and warrants that it has instituted a policy and practice whereby it currently makes receipts available to its New York customers that contain the information set forth at N.Y. Pers. Prop. § 504.2, and that if such customers currently contact WCF about their early purchase option, WCF's policy and practice is that such customers shall be provided with the information set forth at N.Y. Pers. Prop. § 504.1 and with early payment figures calculated in accordance with same.

16. **Settlement Administrator**.

(a) The Settlement Administrator shall execute a retainer agreement that shall provide, among other things, that the Settlement Administrator shall be bound by and shall perform the obligations imposed on it under the terms of this Agreement.

(b)　　The Settlement Administrator shall be subject to the jurisdiction of the Court with respect to the administration of this Agreement.

(c) The Settlement Administrator shall keep all information regarding Class Members confidential except as otherwise provided herein.  All data created and/or obtained and maintained by the Settlement Administrator pursuant to this Agreement shall be destroyed fifteen (15) months after the Effective Date.

(d)　　The Settlement Administrator will be responsible for administering the Settlement including:

(i)　　effecting notice to the Settlement Class in a form and manner approved by the Court;

(ii)　　conducting appropriate research, using a competent information broker on the Internet, the United States Postal Service Change of Address Database and/or a recognized credit bureau to ensure that any mailed notice which is returned for the reason that the address is incorrect will be corrected and a second notice sent;

(iii)　　opening an account at a bank with accounts insured by the FDIC for the deposit of the Settlement Fund and for disbursing all funds from the Settlement Fund in accordance with this Agreement;

(iv)　　maintaining a post office box address to receive inquiries with respect to the Settlement for a period of two hundred seventy days (270) after the Preliminary Approval Date or one hundred eighty (180) days from the Effective Date, whichever is longer;

(v)　　preparing reports regarding the mailed notices, as directed by the Parties' counsel and the Court;

(vi)     accepting and reporting on written notice(s) to opt-out of the Settlement;

(vii)    creating and maintaining a website regarding the Settlement including basic information regarding the Settlement and links to, inter alia, the Settlement Agreement, Preliminary Order, Final Order and Class Notice.

(viii)   creating and maintaining an automated toll-free line providing basic information regarding the Settlement and instructions for obtaining relevant documents (e.g. copies of the Settlement Agreement, Preliminary Order, Final Order and Class Notice.)

(ix)     such other duties as directed by the Parties, provided that any modification of the duties referenced in subparts (i) – (viii) of this Paragraph must be mutually agreed to by the Parties.

17.     **Cost of Notice and Administration of Settlement**.    WCF shall pay all costs related to the administration of this Settlement Agreement and the costs related to the Settlement Administrator for effecting notice to the Settlement Class and distributing the Settlement Fund. WCF's payment of these costs shall be in addition to its payment of the Settlement Fund set forth in Paragraph 15(a), any incentive award approved by the Court as set forth in Paragraph 20, and any award of attorneys' fees and costs ordered by the Court as set forth in Paragraph 30.

18.     **Cy Pres**.    A *Cy Pres* fund will be created which includes any residue of the Settlement Fund remaining for any reason, including checks that are not negotiated or are returned and remain undeliverable after ninety (90) days following the mailing of the checks to Class Members under Paragraph 15(a) of this Settlement Agreement.  The *cy pres* fund shall be donated to a tax-exempt entity or entities mutually acceptable to WCF and Class Counsel and approved by the Court.  The *Cy Pres* funds shall be remitted by the Settlement Administrator to

Class Counsel within one hundred and twenty (120) days after the checks are mailed to the Class Members pursuant to Paragraph 15(a) of this Settlement Agreement, and Class Counsel shall then remit the funds to the *Cy Pres* recipient on behalf of the Settlement Class and provide proof of such payment to WCF's counsel.

19. **Full and Final Settlement.** Each Party agrees that the Action is being voluntarily settled after consultation with experienced legal counsel of their own choosing and that terms of the Settlement Agreement were negotiated at arm's length and in good faith. It is the intent and purpose of this Settlement Agreement to effect a full and final settlement of the Released Claims. In order to effectuate that purpose, the Parties agree to cooperate with one another and with the Settlement Administrator and use their best efforts to obtain Court approval of the Settlement and this Settlement Agreement.

20. **Incentive Payment**. Within fifteen (15) days after the Effective Date, WCF shall pay Representative Plaintiff the sum of Nine Thousand Dollars ($9,000.00) as an incentive payment. This payment by WCF shall be in addition to its payment of the Settlement Fund set forth in Paragraph 15(a), the costs to provide notice to the Settlement Class and to administer the Settlement as set forth in Paragraph 17, and any award of attorneys' fees and costs ordered by the Court as set forth in Paragraph 30. Payment shall be by check payable in the name of the Representative Plaintiff and the check shall be delivered to Class Counsel.

21. **Releases.** Upon the Effective Date and without any further action by the Court or by any Party to this Settlement Agreement, Representative Plaintiff, on behalf of himself and all of his respective past, present and future predecessors, successors, assigns, devisees, relatives, heirs, legatees, and agents, and each of the Settlement Class Members, who do not opt-out of the Settlement, including their respective past, present and future predecessors, successors, assigns,

devisees, relatives, heirs, legatees, insurers and agents, shall be deemed to, and shall in fact, have remised, released and forever discharged any and all Released Claims, which they, or any of them, had or has or may in the future have or claim to have against the Released Persons.

22. **Representative Plaintiff's and Settlement Class Members' Covenant Not to Sue**. With the exception of such action as may be necessary to enforce the terms of this Agreement, Representative Plaintiff and all Settlement Class Members, who do not opt-out of the Settlement, agree not to institute, be represented in, participate in, submit, file, or permit to be filed on their behalf, any lawsuit, arbitration, charge, claim, complaint, or other proceeding in which a Released Claim is asserted.

### III. PROCEDURES FOR EFFECTUATING SETTLEMENT

23. **Cooperation.** WCF and Class Counsel shall reasonably cooperate with each other to implement and monitor all aspects of this Settlement Agreement.

24. **The Motion for Preliminary Approval**. Representative Plaintiff shall move the Court for an order preliminarily approving the settlement and providing notice of the Settlement through a Court-approved notice plan which shall include the mailing of the Notice of Proposed Class Action Settlement to the members of the Settlement Class. With regard to the motion for preliminary approval, the Parties shall submit, *inter alia*, the proposed preliminary order attached hereto as Exhibit A and the Proposed Notice of Proposed Class Action Settlement attached hereto as Exhibit B. Mailing of the Notice of Proposed Class Action Settlement shall be accomplished no later than sixty days (60) days after the Preliminary Approval Date, unless a dispute arises as a result of the confirmatory discovery authorized in Paragraph 14 of this Agreement and that dispute requires the assistance of the Court for resolution. In such event, the

Notice of Proposed Class Action Settlement shall be mailed no later than thirty (30) days after the dispute is resolved.

25.     **Right to Opt Out from Settlement**.

(a)     Any Settlement Class Member may elect to be excluded from this Settlement and from the Settlement by opting out of the Settlement.  Any Settlement Class Member who desires to be excluded from the Settlement must give written notice of the election to be excluded to the Settlement Administrator at the address listed in the Notice of Proposed Class Action Settlement, which must be received by the Settlement Administrator no later than the deadline set by the Court, which shall not be more than sixty (60) days after the date the Notice of Proposed Class Action Settlement is mailed to the Settlement Class, or as otherwise ordered by the Court.  Requests for exclusion must be signed by the person requesting exclusion from the Settlement and must include the requestor's full name, current address, telephone number and a statement that the requestor seeking to be excluded from the Settlement Class wishes to opt-out of the Settlement.

(b)     The Settlement Administrator shall maintain the written notice(s) mailed to the Settlement Administrator pursuant to Paragraph 25(a) and a list of persons who have excluded themselves and shall provide such written notice(s) and list to WCF's Counsel and Class Counsel at least five (5) days prior to the date Class Counsel is required to file the Motion for Final Approval.  The Settlement Administrator shall retain the originals of all written notices requesting to be excluded from the Settlement (including the envelopes with the postmarks).

26.     **Right to Object to the Settlement.**  Any Settlement Class Member shall have the right to object to the Settlement by filing a written objection with the Court at the address listed in the Notice of Proposed Class Action Settlement and by mailing a copy thereof to the

Settlement Administrator, not later than the deadline established by the Court, which shall not be more than sixty (60) days after the date the Notice of Proposed Class Action Settlement is mailed to the Settlement Class, or as otherwise ordered by the Court. All Objections must be signed by the person(s) making the objection, or an attorney or legal guardian authorized to act on their behalf, and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any legal authority that they wish the Court to consider in support thereof. Objections must also include the objector's full name, current address, telephone number and whether he or she intends to appear at the Fairness Hearing, at which time their objections will be considered, if not previously withdrawn.

## IV. CONDITIONS OF SETTLEMENT

27. **Approval of the Court**. This Agreement is subject to final approval by the Court. In connection with the Plaintiff's motion for final approval, the Plaintiff shall submit the proposed final approval order attached hereto as Exhibit C. If the Court does not approve this Settlement Agreement or enter the Orders requested herein (or materially similar orders), or if the Court enters the judgment provided for herein but either the judgment is materially modified or reversed upon appellate review, then this Settlement Agreement shall be canceled and terminated, unless counsel for both sides, within fourteen (14) days from the receipt of a ruling or written notice of circumstances giving rise to termination, agree in writing to proceed with this Settlement Agreement.

28. **Termination of Agreement**. This Settlement Agreement shall terminate:

    (a)     Automatically if the Court fails to approve the Settlement Agreement;

(b)     At the option of either Representative Plaintiff or WCF if the Court or any other court materially modifies (or proposes to modify) this Settlement Agreement as a condition to approval of the Settlement.

(c)     Upon mutual, written agreement of the Representative Plaintiff, on the one hand, and WCF, on the other hand.

(d)     At the sole discretion of WCF, if five percent (5%) or more persons eligible for inclusion in the Settlement Class elect to opt out of and be excluded from the Settlement.   WCF shall exercise such right of withdrawal by providing written notice of the election to terminate to the Court and to Class Counsel within fifteen (15) days after the deadline for Class Members to opt out as provided in Paragraph 25.

29.     **Effect of Termination of Agreement**.   If this Settlement Agreement is terminated or canceled as set forth, the Parties shall be deemed to have reverted to their respective status as of September 11, 2018, and they shall proceed in all respects as if this Agreement had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in this case.

## V.  APPLICATION FOR ATTORNEY'S FEES, COSTS
## AND DISBURSEMENTS

30.     **Class Counsel Attorney Fees and Costs**.

(a)     WCF shall not oppose or comment negatively to a request by Class Counsel for reimbursement of costs actually incurred or expected to be incurred and reasonable attorney's fees, in an amount not to exceed $96,000.00.   All Court-approved attorney's fees, costs and disbursements on behalf of or by Class Counsel shall be paid by WCF in addition to its payment of the Settlement Fund set forth in Paragraph 15(a), the costs to provide notice to the Settlement Class and to administer the Settlement as set forth in Paragraph 17, and any incentive

award approved by the Court as set forth in Paragraph 20. WCF shall not be liable for any fees, costs or disbursements of Class Counsel apart from what is paid pursuant to this Agreement unless Representative Plaintiff is required to bring an action to enforce the terms of this Settlement Agreement and prevails in such action.

(b)     Approval by the Court of Class Counsel's request for attorneys' fees and costs of litigation shall not be a precondition to approval of the Settlement or dismissal of the Action in accordance with this Settlement. Neither Representative Plaintiff, Class Counsel, nor WCF may cancel or terminate the Settlement based on the Court's or any appellate courts' ruling with respect to fees, expenses and disbursements. Any appeal relating to Class Counsel's request for attorneys' fees and costs of litigation will not affect the finality of the Settlement, the entry of the dismissal order (beyond any modification of a standard dismissal order necessary to effectuate implementation of all other aspects of the Settlement during the pendency of any litigation regarding fees and costs) or the releases provided herein. Class Counsel's request for attorneys' fees and costs of litigation may be considered separately from the Settlement.

31.     **Costs.**  Except as otherwise provided in this Settlement Agreement, each Party shall bear its own costs.

## VI.     MISCELLANEOUS PROVISIONS

32.     **CAFA Notice**.  WCF shall be responsible for serving the requisite CAFA Notice within ten (10) days after the filing of the motion to preliminarily approve the Settlement.

33.     **No Admission of Liability**.  This Settlement Agreement, whether or not approved, or whether or not a final judgment is entered, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by WCF, or of

the truth of any of the claims or allegations made in the Action. Neither this Settlement Agreement, nor any of its terms, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future action or proceeding of any type whatsoever to establish any liability or admission by WCF.

34. **Amendments**. This Settlement Agreement may be amended or modified only by a written instrument signed by Class Counsel and WCF or its attorneys.

35. **Entire Agreement**. This Settlement Agreement constitutes the entire agreement among the Parties with respect to the subject matter of this Settlement Agreement and supersedes all prior negotiations, communications, and agreements between the Parties. No Party has entered into this Settlement Agreement in reliance upon any representations, warranties or inducements outside this Settlement Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

36. **Extensions of Time.** The Parties may request that the Court allow reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

37. **The Representative Plaintiff's Authority**. Class Counsel, on behalf of the Representative Plaintiff, is expressly authorized to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to this Settlement Agreement to effectuate its terms, and is also expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Settlement Class.

38. **Counterparts and Facsimiles**. This Settlement Agreement may be executed in one or more counterparts and facsimile signatures shall be deemed to operate as original signatures. A full, executed copy of this Settlement Agreement, including all Exhibits shall be filed with the Court as an Exhibit to the motion for preliminary approval.

39. **Binding Nature**.  This Settlement Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Parties.

40. **Construing the Agreement**.  This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been drafted initially by counsel for one of the Parties.  It is acknowledged that all Parties have contributed substantially to the preparation of this Settlement Agreement.

41. **Applicable Law**. All the terms of this Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of New York, exclusive of choice of law principles, and applicable federal law.

42. **Headings**.  The captions and paragraph headings employed in this Settlement Agreement are for convenience only, are not part of the Settlement Agreement, and shall not be used in construing or interpreting the Agreement.

43. **Jurisdiction**.  The Parties submit to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of implementing this Settlement Agreement and further consent and submit to the jurisdiction of this Court following the Effective Date over any disputes which later arise in connection with this Settlement Agreement or actions taken pursuant to the Settlement Agreement.

44. **Notification**.  Any notice to be given to Class Counsel and/or Representative Plaintiff shall be sent by either first class mail, postage prepaid, or email as follows:

> Daniel A. Schlanger, Esq.
> Schlanger Law Group LLP
> 9 East 40th Street, Suite 1300
> New York, New York 10016
> dschlanger@consumerprotection.net

Any notice to be given to WCF under the terms of this Agreement shall be sent by either first class mail, postage prepaid, or email:

E. Hutchinson Robbins, Jr., Esq.
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21202
erobbins@milesstockbridge.com

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed by authorized individuals.

FOR REPRESENTATIVE PLAINTIFF:    DEFENDANT WEST CREEK FINANCIAL, INC.

By: /s/ Daniel A. Schlanger      By: _____
For Rawle Daisley            Rob Finnegan, Chief Executive Officer

Date: 10/23/2018          Date: 10/24/2018

SCHLANGER LAW GROUP LLP

By: /s/ Daniel A. Schlanger
Daniel A. Schlanger

Date: 10/23/2018

# EXHIBIT B

# Notice of Proposed Class Action Settlement and Fairness Hearing
# You May Include Yourself in a Class Action Settlement and Receive a Settlement Payment

*Rawle Daisley v. West Creek Financial, Inc.*
United States District Court, Eastern District of New York
Case No.:  18-cv-03555-BMC

► This is a Notice to inform you about a proposed settlement (the "Settlement") in a class action lawsuit brought against West Creek Financial, Inc. (the "Defendant") related to allegedly improper terms and disclosures in certain rent-to-own financial agreements.

► <u>Unless you opt out</u>, you will be included as a Class Member and you will therefore be a party to the Settlement.

► This Notice describes the Settlement and informs you of your rights.

► Please carefully read the entire Notice.  If you take no action, you WILL be included in the Settlement and will receive its benefits, including a check for at least $113.57.

- If you do <u>not</u> wish to be included in the Settlement, you must follow the procedures stated in response to Question 10 below no later than [**XXXXXX**].

- If you wish to be included as a Class Member but to object to the terms of the Settlement, you must follow the procedures stated in response to Question 11 below no later than [**XXXXXX**].

- If you do nothing, you will automatically be included as a Class Member and will receive the benefits of the Settlement.

Basic Information ................................................................................ PAGES 3-4
     1.      What is this lawsuit about?
     2.      What is a class action and who is involved?
     3.      Why did I get this Notice?
     4.      Why is there a Settlement?

The Claims in the Lawsuit ................................................................ PAGE 4
     5.      What did the Plaintiffs ask for?
     6.      Who is representing the Class Members in this case?

The Terms of the Settlement ............................................................. PAGES 4-5
     7.      What is the Settlement?
     8.      What claims are released if I participate in the Settlement?

Your Rights and Options ................................................................... PAGES 5-7
     9.      How do I participate in the Settlement?
     10.    What if I want to exclude myself from the Settlement?
     11.    What if I wish to object to the terms of the Settlement?
     12.    What is the difference between objecting to the Settlement and not
              including myself from the Class?
     13.    What will happen at the Fairness Hearing?
     14.    How will I know if the settlement is approved?

Additional Information .................................................................... PAGE 8
     15.    How may I obtain more information about the case?
     16.    What if my address changes?

# Basic Information

## 1. What is this lawsuit about?

This lawsuit concerns Plaintiff's allegations that Defendant West Creek Financial violated certain New York State consumer laws in rent-to-own transactions. Specifically, Plaintiff alleges that West Creek Financial failed to make certain required disclosures regarding early purchase, warranty and other rights; did not provide required warranties; and, in some instances misstated consumers' rights and overcharged them. West Creek Financial denies all of these allegations.

Counsel for all parties have conducted an extensive investigation into the relevant facts and law underlying plaintiff's claim and have concluded that a settlement is in the best interest of all parties, including the Plaintiff and Settlement Class.

## 2. What is a class action and who is involved?

In a class action lawsuit, a person called a "Class Representative" files a lawsuit on behalf of himself/herself and others who have similar claims. In this case, Mr. Daisley is the "Class Representative" or the "Plaintiff." Together, the people with similar claims will, unless they opt out, be "Class Members" who will be bound by the Settlement. Since each Class Member has the same or similar claims against the Defendant, one court action can resolve the issues for everyone in the Settlement Class. In this case, the parties have identified 2,976 persons who will be sent this Notice and will be provided an opportunity to include themselves in the Settlement.

## 3. Why did I get this Notice?

You received this Notice because available records show that you are one of the consumers who entered into a rent-to-own transaction with West Creek Financial including the form Contracts Plaintiff claims are unlawful. As a result, unless you opt out, you will be included as a Class Member and be subject to the terms of the Settlement as described in response to Questions 7 and 8 below.

Specifically, individuals will be included as Class Members absent a specific request to the contrary if they meet the following definition:

> Settlement Class: All consumers who transacted for merchandise in a transaction in which West Creek Financial is identified to be the Lessor/Owner pursuant to a Lease Agreement With Ownership Option or Rental-Purchase Agreement and in which the purchase occurred at a vendor's New York location prior to July 25, 2018

> The Settlement Class shall contains two subclasses, defined as follows:

> The Warranty Subclass: All Settlement Class Members but for those involving purchases occurring from 7/19/2017 through 8/30/2017 or from 7/6/2018 through 7/24/2018. In addition, the Warranty Subclass excludes the class member who made his/her purchase on 7/5/2017 and with account number ending 297-1 and the class member who made his/her purchase on 7/18/17 with account number ending 726-1

The Early Payment Option Subclass: All Settlement Class Members: (a) whose transaction occurred between 12/8/2016 through 7/18/2017 (as well as a class member whose transaction occurred on 9/18/2017); and (b) who -- in addition -- paid WCF more over the life of the loan (as of 9/26/18) than the maximum early purchase amount permissible on day 91 of the contract term, pursuant to New York's Personal Property Law § 504 under the formula and method of calculation Plaintiff alleges to be applicable (which is set forth in the Complaint at paragraphs 70-76).

The following people who otherwise meet the Settlement Class and Subclass definitions are hereby excluded:

(a) Any individual who now is, or ever has been, an officer of WCF as well as the spouses, parents, siblings and children of all such individuals; and

(b) Any Judge of the United States District Court for the Eastern District of New York, as well as his or her immediate family and staff.

## 4. Why is there a Settlement?

Both sides agreed to a settlement before going to trial in order to avoid the costs and uncertainties of litigation. The Class Representative and counsel for the class ("Class Counsel") believe the Settlement is in the best interest of all Class Members.

# The Claims in the Lawsuit

## 5. What did the Plaintiff ask for?

Plaintiff filed claims under the New York Personal Property Law ("NYPPL") § 500 *et seq.* and New York General Business Law § 349 and for rescission. Plaintiff sought various types of damages, and a declaration that the Defendant violated the law; attorneys' fees and costs and a service award to the Named Plaintiff.

## 6. Who is representing the Class Members in this case?

The Court appointed the following firms as "Class Counsel" to represent the Class:

Schlanger Law Group LLP
9 East 40th Street, Suite 1300
New York, NY 10016
(212) 500-6114


These attorneys are experienced in handling class actions. You will not be charged for their services. You may hire your own attorney to represent you in this matter. If you want to be represented by your own lawyer, you will be responsible for paying his or her fees.

# The Terms of the Settlement

## 7. What is the proposed settlement?

Each person who does not opt out of the Settlement will be releasing claims, as described in response to Question 8, in exchange for the following relief:

**A.**      **Mail You a Check**
If the Settlement becomes final, each of the 2,976 Class Members who do not opt out will receive a check for approximately $113.57. In addition to this amount, the Warranty Subclass, a subclass consisting of 2,665 consumers, will be paid an average of $63.90.

Further, in addition to the above, the Early Payment Option Subclass, a subclass of 364 consumers, will be paid an average of $251.87. These 364 consumers made payments exceeding the early purchase price according to the formula Plaintiff believes to be required under New York law with regard to calculating early purchase prices in rent-to-own transactions.

**B.**      **Pay the Cost of Administering the Settlement**
Defendant will pay all costs of administering the Settlement, including the fees and costs of the Settlement Administrator in sending out this Notice. If any checks remain uncashed, the remaining funds will be distributed to a non-profit organization that does work on behalf of consumers.

**C.**      **Pay Attorney's Fees and Costs**
Defendant has agreed to pay Class Counsel's reasonable attorneys' fees and expenses incurred in connection with this litigation, in the amount of $96,000, subject to Court approval. This payment will not reduce the benefits to each Class Member.

**D.**      **Pay an Incentive Award to the Class Representative**
Defendant will pay Mr. Daisley $9,000 in exchange for his release of individual claims and as a service payment in recognition of their efforts on behalf of the Class.

## 8. What claims are released if I participate in the Settlement?

Class Members who do not opt out will not be able to sue, or continue to sue, the Defendant as part of any other lawsuit about the same legal claims that are the subject of this lawsuit. If you join the Settlement Class, you will be legally bound by all of the Orders this Court issues and judgments this Court makes in the Settlement.

Under the Settlement Agreement, each Class Member who does not opt out will be bound by the following release of claims:

> Upon the Effective Date and without any further action by the Court or by any Party to this Settlement Agreement, Representative Plaintiff, on behalf of himself and all of his respective past, present and future predecessors, successors, assigns, devisees, relatives, heirs, legatees, and agents, and each of the Settlement Class Members, who do not opt-out of the Settlement, including their respective past, present and future predecessors, successors, assigns, devisees, relatives, heirs, legatees, insurers and agents, shall be deemed to, and shall in fact, have remised,

released and forever discharged any and all charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, pled in the Action or unpled in the Action, which Representative Plaintiff and those Settlement Class Members who do not opt-out now have, own or hold against West Creek Financial that arise out of a common factual predicate as the claims asserted in the Action, including but not limited to any such claim alleging violations of, or non-compliance with, New York or other relevant law which they, or any of them, had or has or may in the future have or claim to have against West Creek Financial and its past and present agents, directors, officers, employees, shareholders, members, managers, insurers, representatives, attorneys, vendors, independent contractors, predecessors, successors and assigns, parents and subsidiaries, divisions, and affiliates and each of their respective past and present agents, directors, officers, employees, shareholders, insurers, representatives, attorneys, vendors, independent contractors, predecessors, successors and assigns, parents and subsidiaries, divisions, and affiliates.

If you opt out of the Settlement, you will not release any claims. However, there is no guarantee that anyone who opts out of the settlement will have any viable claims or receive any compensation.

# Your Rights and Options

## 9.  How do I participate in the Settlement?
You do not need to do anything to be included in the Settlement.  Inclusion is automatic and you will be included, and receive money, unless you specifically request to opt out as described in response to Question 10 below.

## 10. How do I opt out of the Class?
If you do <u>not</u> want to be included as a Class Member, you must submit a written request for exclusion.  The request for exclusion **must** (1) set forth your full named and current address and (2) specifically state your desire not to be included as a Class Member.

Your request for exclusion must be sent by First-Class U.S. Mail, postage paid, to the following address:  _____.   Your letter must be postmarked on or before [date not less than 60 days from the date of the Notice].

If you choose not to be included as a Class Member, you will not enjoy any of the benefits of the Settlement described in response to Question 7 above.  You also will not be permitted to object to the terms of the Settlement, as described in response to Questions 11 and 12 below.

Any person who falls within the definition of a Class Member stated in response to Question 4 above, but who does not submit a request for exclusion in complete accordance with these requirements, will be included as Class Member and shall be bound by the terms of the Settlement.

## 11.  What if I object to the terms of the Settlement?

Objecting is telling the Court that you do not approve of the Settlement or that you dislike the Settlement.  Any Class member who wishes to object to the Settlement must send a written objection ("Objection") to the Settlement Administrator by First-Class U.S. Mail, postage paid, to the following address _____.

An objection <u>must be postmarked no later than</u> [date no less than 60 days after date of the Notice].

The objection must set forth: (1) your full name, current address and telephone number; (2) a statement of the position you wish to assert in opposition to the Settlement, including any factual or legal grounds for the position; and (3) you must provide copies of all documents you wish to submit in support of your position.

**Any person who does not <u>strictly</u> comply with these procedures will not be permitted to object to the Settlement.**

Any objector may appear at the Fairness Hearing on _____ in person or through counsel, to show cause why the Settlement should not be approved as fair, adequate, or reasonable.

## 12.  What is the difference between objecting to the settlement and not joining the Settlement Class?

If you choose to opt out you are not a Class Member.  If you are not a Class Member, then you <u>cannot</u> object to the Settlement.  You may not object and then exclude yourself from the class. You may not exclude yourself from the class and then object.

## 13.  What will happen at the Fairness Hearing?

At the Fairness Hearing, presently scheduled for _____ on _____, 2018, Judge Cogan will hear arguments on whether the settlement is fair, reasonable, and adequate and whether it should be given final approval.  The Judge will also consider any objections, determine whether Class Counsel's requested attorneys' fees and expenses are reasonable, and whether payment of the Class Representative's service fee and enlarged statutory damages for the Class Representatives should be approved.  Unless you wish to object to the settlement, **you are not required to attend the Fairness Hearing**.  You are welcome to attend at your own expense. The Court may adjourn the Fairness Hearing without further written notice to Class Members.

## 14.  How will I know if the settlement is approved?

If the Court approves the settlement, the final approval order will be made available at this website: <u>www.XXXXXX</u>    You may also contact Class Counsel.

# Additional Information

## 15.  How may I obtain more information about the case?

**Do not contact the judge or the Clerk of Court for legal questions or advice.**  You may obtain copies of the complaint and other documents filed in this lawsuit from the Clerk of the Court,

United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, during regular business hours. You will need to provide the name of the lawsuit and the case number: *Daisley v. West Creek Financial, Inc.*, Case No. **18-cv-03555-BMC.** You can also obtain documents filed with the Court in this case through the website www.pacer.gov, which requires registration and charges a small fee. You may also contact Class Counsel at the addresses listed in the answer to Question 6 above.

## 16. What if my address changes?

If your address has changed, or changes in the future, you should send your new address and telephone number to _____, the company selected to mail Notices and settlement checks to the Settlement Class members, at this address:[__]


THIS NOTICE WAS APPROVED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK.

/s/_____