UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAWLE DAISLEY, *on behalf of himself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST CREEK FINANCIAL, INC.,<br><br>*Defendant.* | Case No. 18-cv-03555(BMC) |

**FINAL ORDER AND JUDGMENT**

This matter comes before the Court on the request of Plaintiff RAWLE DAISLEY and a class of persons similarly situated who have not opted out of the class (collectively, "Class Members"), without opposition from Defendant, for final approval of the Settlement Agreement dated October 24, 2018 (the "Settlement Agreement").

The Fairness Hearing having been held before the Court on the 1st day of March, and due deliberation having been had thereon, and the Court, having read and considered (i) the Settlement Agreement and all the papers attached thereto filed by Class Counsel, (ii) the Memorandum and the declarations submitted in support of the application for entry of this Final Order and Judgment, (iii) the oral arguments of counsel presented to the Court, and (iv) all papers filed and proceedings had herein; and for good cause appearing, the Court finds the following:

1. On October 25, 2018, the Court preliminarily approved the Settlement, certified this case as a class action for settlement purposes, appointed a Settlement Administrator, approved Plaintiff as Settlement Class Representative, and Plaintiff's attorneys as Class Counsel. ECF 32.

1

The defendant to this action was West Creek Financial, Inc. ("Defendant"). As set forth in the Preliminary Approval Order, pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Class and Subclasses were preliminarily certified for purposes of final settlement:

Settlement Class:

> All consumers who transacted for merchandise in a transaction in which WCF is identified to be the Lessor/Owner pursuant to a Lease Agreement With Ownership Option or Rental-Purchase Agreement and in which the purchase occurred at a vendor's New York location prior to July 25, 2018.

Subclasses:

> **1.** **The Warranty Subclass**, which shall be defined as follows:
>
> All Settlement Class Members but for those involving purchases occurring from 7/19/2017 through 8/30/2017 or from 7/6/2018 through 7/24/2018. In addition, the Warranty Subclass excludes the class member who made his/her purchase on 7/5/2017 and with account number ending 297-1 and the class member who made his/her purchase on 7/18/17 with account number ending 726-1.
>
> **2.** **The Early Payment Option Subclass**, which shall be defined as follows:
>
> All Settlement Class Members
>
> (a) whose transaction occurred between 12/8/2016 through 7/18/2017 (as well as the class member whose transaction occurred on 9/18/2017 with account number ending 584-1); and
>
> (b) who -- in addition -- paid WCF more over the life of the lease (as of 9/26/18) than the maximum early purchase amount permissible on day 91 of the contract term, pursuant to New York's Personal Property Law § 504 under the formula and method of calculation Plaintiff alleges to be applicable, which is set forth in the Complaint at paragraphs 70-76.

The following people who otherwise met the Settlement Class and Subclass definitions were excluded:

    (i)    Any individual who now is, or ever has been, an officer of WCF as well as the spouses, parents, siblings and children of all such individuals; and

    (ii)    Any Judge of the United States District Court for the Eastern District of New York, as well as his or her immediate family and staff.

2. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Counsel for West Creek Financial, Inc. served notices of the proposed settlement on the appropriate federal and state officials.

3. Pursuant to the Preliminary Approval Order, Notice was mailed to approximately 2,976 persons falling within the description of the Class in paragraph 1 above. Class Counsel and the Settlement Administrator have reported that none of the people who received the notice chose to opt out of the class.

4. Plaintiff now requests, and Defendant does not oppose, final approval of the Settlement.

5. The Court has read and considered the Settlement Agreement, the Motion and Declarations submitted in support thereof, the accompanying documents, and the record.

It is HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Granting of Motion for Final Approval</u>. The Parties' Joint Motion for Final Approval of the proposed settlement is GRANTED with the following modification: The Incentive Payment to the named plaintiff is hereby reduced from $9,000 to $5,500; the difference between the requested and awarded Incentive Payment shall be distributed evenly between the Settlement Class and each of the two subclasses. Specifically, the parties shall add $1,166.67 to the recovery of the Settlement Class; $1,166.67 to the recovery of the Warranty Subclass and $1,166.66 to the recovery of the Early Payment Option Subclass. With this modification, the

Parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Order.

2. <u>Objections</u>.  There were no objections timely or otherwise to the Settlement Agreement.

3. <u>Notice</u>.  The Court finds that the distribution of the Notice and posting of an explanatory website, as provided for in the Preliminary Approval Order, accurately informed all Persons within the definition of the Class of the material elements of the Settlement; fully complied with the Preliminary Approval Order; constituted the best notice practicable under the circumstances to all Persons within the definition of the Class; constituted valid, due and sufficient notice; and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

4. <u>Final Approval</u>.  The Court finds that the Settlement is fair, reasonable, and adequate and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, and accordingly, the Court provides final approval of the Settlement and directs that the Parties implement it, as follows:

　　A.　　The parties are directed to implement the settlement in accordance with its terms.

　　B.　　There being 2,976 Class Members as of the date of this Order, pursuant to the Agreement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.

5. <u>Costs</u>.  The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

6. <u>Settlement Amount to Plaintiff</u>.  For his efforts on behalf of the Class and to settle his individual claim, the named Plaintiff, Rawle Daisley is awarded $5,500.  Defendant will pay this amount in the manner and time set forth in the Settlement Agreement.

7. <u>Settlement Payment</u>.  Pursuant to the Settlement Agreement, Defendant is to pay each member of the Settlement Class who did not opt out of the Settlement in the amount, manner, and time set forth in the Settlement Agreement.

8. <u>Settlement Funds</u>.  The funds in the Settlement Fund remaining after the expiration date of the last mailed settlement check shall be distributed to Empire Justice Center, which is hereby approved as *cy pres* recipient.

9. <u>Attorneys' Fees</u>.  The Court, having reviewed Class Counsel's contemporaneous time records, disbursement records and supporting Declarations filed on December 12, 2018 (ECF 33), and having considered the fact that Defendant does not oppose these fees and costs and that the parties' agreement with regard to fees and costs was reached only after the monetary award for each Class Member was finalized and agreed upon, hereby approves attorneys' fees and costs in the amount of $96,000.

10. <u>Release and Discharge</u>. Upon entry of this Order and final approval of the Settlement, Plaintiff and each member of the Settlement Class will release claims as set forth in the Settlement Agreement.

11. <u>Defendant's Denial of Liability</u>.  The Court notes that Defendant denies any liability to Plaintiff or to any Class Member for any matter whatsoever.  Neither the Final Judgment nor Settlement Agreement shall constitute an admission of liability by Defendant of any liability or wrongdoing.

12. <u>Dismissal of Complaint</u>. Subject to the reservation of jurisdiction for matters discussed herein, the Complaint is hereby dismissed with prejudice.

13. <u>Jurisdiction</u>. The Court shall retain exclusive and continuing jurisdiction of the Action and all Parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement, including among other things: (i) supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement, the Preliminary Approval Order, and the Final Judgment; (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

14. <u>Entry of Judgment</u>. In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds there is no just reason to delay entry of this Judgment and the Clerk of the Court is ordered to enter Final Judgment forthwith.

So Ordered this ___ day of March 2019.

_____
HON. BRIAN M. COGAN,
UNITED STATES DISTRICT JUDGE